**YANKEE METAL PRODUCTS COMPANY, a corporation, Petitioner,**

**v.**

**The DISTRICT COURT OF OKLAHOMA COUNTY, SEVENTH JUDICIAL DISTRICT, State of Oklahoma, and the Honorable Carmon C. Harris, Judge of said court, Respondents.**

**No. 47513.**

Supreme Court of Oklahoma.

Nov. 5, 1974.

Reynolds & Ridings, W. Rogers Abbott, II, Oklahoma City, for petitioner.

Warren, Ricks & Mayfield, Oklahoma City, for respondents.

Eagleton, Nicholson & Pate, Joseph B. Womack, Oklahoma City, for amicus curiae.

WILLIAMS, Vice Chief Justice:

This is an application by petitioner, Yankee Metal Products Company, hereinafter called Yankee Metal, for this Court to assume original jurisdiction and issue a writ of prohibition preventing respondent, the District Court of Oklahoma County, from

exercising in personam jurisdiction over petitioner in an action pending in that court. In that action, Yankee Metal is the nonresident defendant in a suit brought by Del City Wire Company, hereinafter called Del Wire, for the recovery of the purchase price of certain wire harnesses allegedly manufactured and sold by Del Wire to Yankee Metal for Yankee Metal's use in the fabrication of its own product, an electrical apparatus.

Yankee Metal is a New York corporation with its principal place of business in Connecticut and has no offices, employees or agents in Oklahoma. The question presented is whether the trial court has jurisdiction over Yankee Metal under 12 O.S.1971, §§ 1701.01 et seq., the Oklahoma version of the Uniform Interstate and International Procedure Act.

The pertinent facts are presented by affidavits filed in the trial court and in this Court and the precise issue, as stated in petitioner's brief, " * * * is whether such facts are a constitutionally sufficient basis on which the courts of Oklahoma may predicate and exercise in personam jurisdiction over the non-resident, Yankee Metal * * *".

There is no substantial dispute as to the pertinent facts. On August 20, 1973, Mr. L. of Yankee Metal, from his office in Connecticut, called Mr. S., of Del Wire in Oklahoma, to discuss the purchase of the wire harnesses, after having seen some direct mail advertising of Del Wire. In that conversation, later confirmed by mail, he ordered a large number of the harnesses, to be custom built according to samples to be furnished by Yankee Metal. According to the affidavit of Mr. S., the harnesses were custom built in every respect according to the samples furnished by Yankee Metal, and were not stock items regularly produced by Del Wire as a part of its general inventory.

The facts concerning the initial contact by Mr. L. and the furnishing of the samples by Yankee Metal, summarized from the affidavit of Mr. S., are not denied.

The affidavit of Mr. L., for Yankee Metal, while neither denying nor admitting that samples were submitted by Yankee Metal states that the purpose of the telephone call was to request a quotation on "certain specifications" of materials "substantially similar" to those contained in the direct mail advertising. When the harnesses were received by Yankee Metal in Connecticut, they were rejected, apparently on the ground that they were not made in accordance with the specifications or samples. The action by Del Wire to recover the purchase price was begun on Jan. 17, 1974.

In Hines v. Clendenning, Okl., 465 P.2d 460 at 462, this Court took note of the fact that the "bases of jurisdiction" listed in 12 O.S.1971, § 1701.03(a) are even broader than those listed in the Uniform Act itself, and concluded that "it was the intention of our legislature to extend the jurisdiction of Oklahoma courts over nonresidents to the outerlimits permitted by the due process requirements of the United States Constitution". To the same general effect, see Vemco Plating, Inc. v. Denver Fire Clay Co., Okl., 496 P.2d 117. Thus, it may be said that if federal due process requirements are satisfied, jurisdiction over nonresident defendants may be exercised under the Oklahoma "long arm" statutes.

Many of the states have enacted "long arm" statutes since the 1945 decision of the United States Supreme Court in the leading case of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. These statutes have been fruitful sources of litigation. Various aspects of the question of jurisdiction over nonresident defendants are annotated at 20 A.L.R.3d 957, 20 A.L.R.3d 1201, 23 A.L.R.3d 551, and 27 A.L.R.3d 397.

We approve the discussion of the cases dealing with jurisdiction over nonresident buyers in the opinion of our Court of Appeals, in Vacu-Maid, Inc. v. Covington, —— P.2d ——. In that case, the Court of Appeals in effect adopted the "active-purchaser, passive-purchaser" classification fol-

lowed in Whittaker Corp. v. United Aircraft Corp., et al., C.C.A. 1st, 482 F.2d 1079. We agree with the conclusion of our Court of Appeals in Vacu-Maid, as follows:

> "In summary, research has revealed, that, with few exceptions, in those cases where jurisdiction is extended over a nonresident defendant purchaser, that purchaser has either initiated the relationship or actively participated in negotiations and plans for production (e.g., design specifications). And if a nonresident buyer merely places an order by phone or mail, or to a salesman in the defendant's state, the majority of courts find insufficient contacts for in personam jurisdiction in the forum state."

See also Architectural Building Components Corp. v. Comfort, Okl., 528 P.2d 307, this date decided.

The "active-purchaser, passive-purchaser" classification has the effect of protecting the ordinary "mail order catalogue" consumer who merely orders a stock item of merchandise from a distant state, from the jurisdiction of the courts of the distant state. At the same time it affords ample protection to a resident manufacturer who, at the special solicitation of a nonresident buyer, manufactures custom built materials or products according to specifications or samples furnished by the buyer.

As we have seen, the nonresident buyer in the case now before us did more than merely place an order for merchandise. It "actively participated in negotiations and plans for production" by furnishing specifications or samples for the manufacture of the harnesses. We therefore hold that the District Court of Oklahoma County has in personam jurisdiction over the nonresident buyer, Yankee Metal Products Co. under 12 O.S.1971, § 1701.01 et seq.

The application to assume original jurisdiction is granted; writ of prohibition is denied.

DAVISON, C. J., and IRWIN, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.