MICHAEL CHALEK, Plaintiff-Appellant, v. MILTON KLEIN, Defendant-Appellee.—MICHAEL E. CHALEK, Plaintiff-Appellant, v. SAM H. LEE, Defendant-Appellee.

Second District   Nos. 2—89—0068, 2—89—0264 cons.

Opinion filed February 6, 1990.

Michael P. Edgerton and Patricia L. Hatfield, both of Farrell, Edgerton & Hatfield, of West Chicago, for appellant.

Joseph M. Laraia and Kenneth D. Hubbard, both of Joseph M. Laraia & Associates, P.C., of Wheaton, for appellee Milton Klein.

Leigh R. Pietsch, of Pietsch, Cuchna, Popejoy & Whelan, of Wheaton, for appellee Sam H. Lee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Michael Chalek, appeals from orders of the circuit court of Du Page County, dismissing two separate lawsuits against defendants, Sam Lee and Milton Klein, on the basis of lack of personal juris-

diction. This court granted plaintiff's motion to consolidate the appeals because the issue and facts are similar. The issue is whether out-of-State residents who order a product from an Illinois business may be sued by that business in an Illinois court. We hold, under the facts of these cases, that the trial court correctly determined that it lacked personal jurisdiction and therefore affirm the dismissal of both cases.

The facts of these cases are essentially undisputed. Plaintiff operates a sole proprietorship in Oak Brook, Illinois, and sells a computer software system for use by commodities traders. Defendant Lee, a California resident, and defendant Klein, a New York resident, both ordered the software system. Lee sent plaintiff a check for $3,500; Klein's company, Mattco Equities, Inc., sent plaintiff a check for $3,000. After receiving the software, Lee and Klein decided it was not satisfactory, returned it to plaintiff, and stopped payment on the checks. Plaintiff subsequently filed separate suits against Lee and Klein. Lee was served with summons at a California address, and Klein was served at a New York address.

Both defendants filed motions to dismiss the complaints based upon a lack of personal jurisdiction. The motions were supported by the affidavits of Lee and Klein. Lee's affidavit states that he read an advertisement for plaintiff's software system in a magazine while he was in California. Lee then placed a telephone call to plaintiff and asked plaintiff to send him the software at his California address. Plaintiff did so by means of a commercial carrier. Lee sent plaintiff a check for $3,500, drawn on a California bank. After Lee concluded that the merchandise was unsatisfactory, he returned it and stopped payment on the check. The affidavit states further that Lee was a California resident at all relevant times, had never worked or lived in Illinois, and had no assets in Illinois.

Klein's affidavit states that he read about plaintiff's product in a commodities magazine in New York. Klein placed a telephone call to plaintiff and inquired about the software. Plaintiff then sent some advertisements and an order form to Klein's company, Mattco Equities, Inc., in New York. After receiving these materials, Klein placed another phone call to plaintiff in order to find out further information. Klein then mailed in the order form and a check for $3,000 to plaintiff's office in Illinois. Klein subsequently received the software program in New York and determined that it did not function satisfactorily. He returned the software to plaintiff and stopped payment on the check. Klein and Mattco had no other contacts with plaintiff. Although Klein's affidavit indicates he may have been acting on behalf

of a corporation, he was sued individually in the case at bar.

In both cases, the trial court concluded that defendants were not subject to the *in personam* jurisdiction of the Illinois courts and dismissed plaintiff's complaints. Plaintiff filed timely notices of appeal from the dismissal orders.

■■ Plaintiff asserts that personal jurisdiction over both defendants exists under section 2—209(a)(1) of the Code of Civil Procedure, which states as follows:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State." (Ill. Rev. Stat. 1987, ch. 110, par. 2—209(a)(1).)

Even if the long arm statute permits the exercise of jurisdiction over a nonresident defendant, such an exercise must also be consistent with the due process clause of the fourteenth amendment, which limits the power of State courts to enter valid personal judgments against nonresident defendants. (*Wiles v. Morita Iron Works Co.* (1988), 125 Ill. 2d 144, 149.) In *Wiles*, our supreme court stated that it was unnecessary to determine whether defendant's activities met the requirements of the long arm statute because the due process clause barred any exercise of jurisdiction over defendant. (*Wiles*, 125 Ill. 2d at 149.) Since we also conclude that subjecting defendants to the jurisdiction of Illinois courts would be inconsistent with due process, it is not necessary to decide whether jurisdiction may be predicated under the long arm statute.

■■■ Under the due process clause, a defendant is not subject to a judgment *in personam* in the forum State unless he or she has certain minimum contacts with that State such that bringing the action there does not offend "traditional notions of fair play and substantial justice." (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.) The due process clause requires that individuals have fair warning that an activity or activities could subject them to the jurisdiction of a foreign State. (*Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 472, 85 L. Ed. 2d 528, 540, 105 S. Ct. 2174, 2181-82.) This "fair warning" requirement provides a degree of predictability to the legal system which allows individuals to structure their activities with some degree of assurance as to where they will or will not be rendered liable to suit in another

State as a result of their conduct. (*Burger King*, 471 U.S. at 472, 85 L. Ed. 2d at 540, 105 S. Ct. at 2181.) This requirement is met if defendant has purposefully directed his or her activities at residents of the foreign State and the litigation results from injuries relating to those activities. (471 U.S. at 472, 85 L. Ed. 2d at 540-41, 105 S. Ct. at 2182.) It is essential to a finding that *in personam* jurisdiction exists "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240.

The facts in *Empress International, Ltd. v. Riverside Seafoods, Inc.* (1983), 112 Ill. App. 3d 149, are quite similar to those of the cases at bar. In *Empress International*, plaintiff sent direct mail advertisements to defendant, a Wisconsin corporation. Defendant then placed two orders for delivery of frozen lobster with plaintiff's Chicago office, which shipped the lobster to defendant in Wisconsin. Plaintiff subsequently filed suit against defendant in the circuit court of Cook County for payments allegedly due on these orders.

The court noted in *Empress International* that in prior cases Illinois courts had held that *in personam* jurisdiction existed if it appeared the nonresident defendant had initiated the transaction, the contract was formed in Illinois, and performance or a major part of it was to take place in Illinois (see *AAAA Creative, Inc. v. Sovereign Holidays, Ltd.* (1979), 76 Ill. App. 3d 514; *Ward v. Formex, Inc.* (1975), 27 Ill. App. 3d 22; *Colony Press, Inc. v. Fleeman* (1974), 17 Ill. App. 3d 14). Examining these factors, the court stated that the direct mail advertisements sent by plaintiff to defendant were mere solicitations and that defendant initiated the transactions by placing the two orders. (*Empress International*, 112 Ill. App. 3d at 154.) It also determined that the contracts were formed in Illinois when plaintiff accepted defendant's orders and were largely performed in Illinois because the lobster was shipped from Chicago. (112 Ill. App. 3d at 154.) Because of these factors and the fact that defendant dealt with an entity that it knew or should have known was an Illinois resident, the court concluded defendant had sufficient contacts with Illinois to subject it to the *in personam* jurisdiction of Illinois courts with regard to plaintiff's lawsuit. 112 Ill. App. 3d at 154-55.

The *Empress International* criteria subject almost all out-of-State residents who order a product by mail or telephone from an Illinois resident to the jurisdiction of Illinois courts merely because they have entered into contracts to purchase with residents of this State. Under

that court's reasoning, a seller does not initiate a transaction by merely sending advertising materials to a prospective buyer. Thus, in the context of a mail or telephone order purchase, the buyer will almost inevitably be the one who initiates the transaction by placing the order. According to the logic of *Empress International*, the contract will be formed in Illinois when the order is accepted there, and a large part of the performance will be in Illinois if the product is shipped from this State, which will generally be the case. Therefore, under these criteria, *in personam* jurisdiction will exist over out-of-State purchasers merely by virtue of the fact that they contracted to purchase a product from an Illinois resident.

■ Such a result is plainly at odds with the statement of the United States Supreme Court in the *Burger King* case that the mere fact an out-of-State individual has entered into a contract with a resident of the forum State is not sufficient by itself to subject the non-resident to the *in personam* jurisdiction of the forum's courts. (*Burger King*, 471 U.S. at 478, 85 L. Ed. 2d at 544-45, 105 S. Ct. 2185.) Furthermore, the court in *Burger King* expressed concern for the plight of out-of-State consumers (471 U.S. at 485, 85 L. Ed. 2d at 549, 105 S. Ct. at 2189) and, in this context, stated that the due process clause prohibits the enforcement of rules that would unfairly permit sellers to obtain judgments by default against unwitting customers (471 U.S. at 486, 85 L. Ed. 2d at 550, 105 S. Ct. at 2189-90). As we have seen, however, the *Empress International* approach almost inevitably leads to the exercise of jurisdiction over out-of-State consumers who order goods by telephone or mail from an Illinois company. This is true regardless of the amount of the purchase. In light of the above statements by the United States Supreme Court in *Burger King*, we believe the approach taken in *Empress International* and the other Illinois appellate decisions cited therein must be rejected with regard to the question of when Illinois courts may exercise *in personam* jurisdiction over out-of-State residents who purchase goods from an Illinois resident.

One approach that other jurisdictions have taken is to distinguish between active purchasers and passive purchasers. (See, *e.g., Whittaker Corp. v. United Aircraft Corp.* (1st Cir. 1973), 482 F.2d 1079, 1084; *In-Flight Devices Corp. v. Van Dusen Air, Inc.* (6th Cir. 1972), 466 F.2d 220, 233; *Money-Line, Inc. v. Cunningham* (1981), 80 A.D.2d 60, 63, 437 N.Y.S.2d 816, 819-20; *Al-Jon, Inc. v. Garden Street Iron & Metal, Inc.* (Iowa 1981), 301 N.W.2d 709, 714; *Vacu-Maid, Inc. v. Covington* (Okla. App. 1974), 530 P.2d 137, 142; *Yankee Metal Products Co. v. District Court* (Okla. 1974), 528 P.2d 311, 312-13.) Under

this approach, if the nonresident buyer is a passive party who merely places an order by mail, telephone, or to a salesperson and accepts the seller's price as stated in advertising or other forms of solicitation, the courts of the seller State will not be able to exercise *in personam* jurisdiction over the buyer. (*In-Flight Devices Corp.*, 466 F.2d at 233, *Al-Jon, Inc.*, 301 N.W.2d at 714; *Vacu-Maid, Inc.*, 530 P.2d at 143.) If the buyer departs from a passive role by dictating or vigorously negotiating contract terms or by inspecting production facilities, the unfairness which would be associated with the exercise of long arm jurisdiction over that buyer dissipates, and he or she will be subject to personal jurisdiction in the courts of the seller's State. *In-Flight Devices Corp.*, 466 F.2d at 233.

The type of conduct which would characterize an active purchaser is far more typical in dealings between major business organizations than in transactions in which a consumer or even a small shopkeeper is the purchaser. (*In-Flight Devices Corp.*, 466 F.2d at 233.) Distinguishing between active and passive purchasers therefore protects the ordinary mail order consumer who merely orders an item of merchandise from a company in a distant State from having to submit to the jurisdiction of the courts of that State while at the same time it protects sellers who manufacture custom-built products according to a nonresident buyer's specifications. (*Yankee Metal Products Co.*, 528 P.2d at 313.) Furthermore, under this approach, individuals from other States who order goods from Illinois residents will not be subject to the jurisdiction of our courts merely because they have entered into a contract with Illinois residents. Since this approach addresses the due process concerns expressed by the United States Supreme Court in *Burger King*, and since it allows potential nonresident defendants to structure their conduct with some degree of assurance as to whether it will render them liable to suit in Illinois (*Burger King*, 471 U.S. at 472, 85 L. Ed. 2d at 540, 105 S. Ct. at 2182), we will adopt it and apply it in the case at bar.

The record reveals that both defendants are classic passive purchasers who merely ordered a product from an Illinois business. While defendants inquired about the product over the telephone, there is no evidence that they negotiated the terms of their eventual agreements with plaintiff, came into this State to inspect plaintiff's facilities, or in any other way departed from the role of a passive buyer. The party who wishes to impose jurisdiction has the burden of establishing a valid basis for the exercise of personal jurisdiction over a nonresident defendant. (*R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 310.) Plaintiff failed to meet this burden in the

cases at bar. The circuit court correctly determined that it lacked *in personam* jurisdiction over defendants and properly dismissed plaintiff's complaints.

Accordingly, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT, P.J., and McLAREN, J., concur.