NORWOOD INDUSTRIES, INC v GRAND BLANC PRINTING, INC

Docket No. 171330. Submitted August 6, 1996, at Lansing. Decided October 29, 1996, at 9:00 A.M.

Norwood Industries, Inc., an Illinois corporation, filed a petition in the Genesee Circuit Court seeking to enforce a default judgment it obtained in Illinois against Grand Blanc Printing, Inc., a Michigan corporation, regarding an unpaid bill for specific goods sold to Grand Blanc Printing. The court, Thomas C. Yeotis, J., denied the request, concluding that Illinois had no personal jurisdiction over Grand Blanc Printing because there were not minimum contacts between Grand Blanc Printing and Illinois. Norwood Industries appealed.

The Court of Appeals *held*:

The circuit court properly determined that there were not sufficient minimum contacts between Grand Blanc Printing and the State of Illinois to make jurisdiction in Illinois proper.

1. The proper approach to determine whether minimum contacts exist between a Michigan buyer and an out-of-state seller's home state is to evaluate whether the buyer was a passive party or an active party. If the buyer merely places an order by mail, telephone, or in response to a salesperson and accepts the seller's price, the buyer is a passive party who cannot be subjected to in personam jurisdiction in the seller's home state. If the buyer departs from a passive role by vigorously negotiating contract terms, inspecting production facilities, or requesting custom-made products, jurisdiction in the seller's home state is appropriate.

2. Because Grand Blanc Printing was a passive buyer, Illinois did not have a proper basis for exercising jurisdiction over Grand Blanc Printing.

Affirmed.

COURTS — PERSONAL JURISDICTION — SALES — IN-STATE BUYER — OUT-OF-STATE SELLER.

The proper approach to determine whether minimum contacts exist between a Michigan buyer and an out-of-state seller's home state to make jurisdiction over the parties proper in the seller's home state is to evaluate whether the buyer was a passive party or an active party; if the buyer merely places an order by mail, telephone, or in

response to a salesperson and accepts the seller's price, the buyer is a passive party who cannot be subjected to in personam jurisdiction in the seller's home state; if the buyer departs from a passive role by vigorously negotiating contract terms, inspecting production facilities, or requesting custom-made products, jurisdiction in the seller's home state is appropriate.

*Sheldon R. Waxman*, for Norwood Industries, Inc.

*Smith, Harris & Goyette* (by *Alan D. Penskar, Michael A. Winterfield,* and *Paul J. Goyette*), for Grand Blanc Printing, Inc.

Before: MICHAEL J. KELLY, P.J., and HOEKSTRA and E. A. QUINNELL,* JJ.

PER CURIAM. Plaintiff appeals as of right an order of the Genesee Circuit Court denying plaintiff's request to enforce a default judgment obtained in Illinois. We affirm.

Plaintiff, an Illinois corporation, sold defendant, a Michigan corporation, specific goods and later brought suit in Illinois over an unpaid bill. Plaintiff obtained a default judgment in Illinois and later filed a petition in the Genesee Circuit Court to enforce the judgment. The Genesee Circuit Court originally granted plaintiff's motion to confirm the Illinois judgment, but later granted defendant's motion to reconsider its decision. On reconsideration, the circuit court reversed its previous order and concluded that Illinois had no personal jurisdiction over defendant because there were no minimum contacts between defendant and Illinois. Plaintiff's request to have the default judgment enforced was denied.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On appeal, plaintiff argues that the Genesee Circuit Court erred in determining that defendant did not have sufficient minimum contacts with Illinois to give Illinois jurisdiction in the instant matter and that, therefore, the judgment of the Illinois court could not be enforced in Michigan. We find no error in the circuit court's decision. Because we agree that jurisdiction cannot be permitted in this case under the Constitution of the United States, we need not determine whether jurisdiction would be permitted by Illinois' long-arm statute, 735 ILCS 5/2-209. *Khalaf v Bankers & Shippers Ins Co*, 404 Mich 134, 142; 273 NW2d 811 (1978); *Buxton v Wyland Galleries Hawaii*, 275 Ill App 3d 980, 982; 657 NE2d 708 (1995). The Due Process Clause of the Fourteenth Amendment limits a state's power to exercise jurisdiction over out-of-state defendants to only those defendants who have purposefully established "minimum contacts" in the forum state and to whom a finding of jurisdiction would comport with traditional notions of "fair play and substantial justice." *Jeffrey v Rapid American Corp*, 448 Mich 178, 185-186; 529 NW2d 644 (1995), citing *Int'l Shoe Co v Washington*, 326 US 310; 66 S Ct 154; 90 L Ed 95 (1945); *Buxton, supra* at 982, citing *Burger King Corp v Rudzewicz*, 471 US 462; 105 S Ct 2174; 85 L Ed 2d 528 (1985).

Under the facts of this case, we agree that there were not sufficient minimum contacts between defendant and the State of Illinois to make jurisdiction in Illinois proper. Whether the ordering of goods by mail, telephone, or other electronic means by a Michigan purchaser from an out-of-state seller is sufficient to establish minimum contacts with the seller's home state for purposes of jurisdiction appears to be

an issue of first impression in Michigan. Several other jurisdictions considering the same issue have adopted and applied an approach that distinguishes between active and passive purchasers in determining whether minimum contacts exist. See *Chalek v Klein*, 193 Ill App 3d 767, 772-773; 550 NE2d 645 (1990).

Under this approach, if a nonresident buyer merely places an order by mail, telephone, or in response to a salesperson and accepts the seller's price, the buyer is a passive party who cannot be subjected to in personam jurisdiction in the seller's home state. If, on the other hand, the buyer departs from a passive role by vigorously negotiating contract terms, inspecting production facilities, or requesting custom-made products, jurisdiction in the seller's home state is appropriate. *Id.* The *Chalek* court recognized that distinguishing between active and passive purchasers protects the ordinary mail-order customer from having to submit to the jurisdiction of out-of-state courts while at the same time it protects sellers who manufacture custom products to a nonresident buyer's specifications. Likewise, our Supreme Court has recognized that "something more than a passive availment of Michigan opportunities" is necessary to confer jurisdiction in Michigan. *Khalaf, supra* at 153-154. We believe the approach outlined in *Chalek* to be the appropriate means of determining whether jurisdiction properly lies in a seller's home state. Accordingly, we hold that for purposes of determining whether minimum contacts exist between a Michigan buyer and an out-of-state seller's home state the proper approach is to evaluate whether the buyer was a passive party, who should not be subjected to jurisdiction, or an active party, against whom a finding of

jurisdiction would be proper. We agree with the *Chalek* court that this approach adequately addresses the due process concerns expressed in *Burger King* by allowing potential buyers to structure their conduct with some degree of assurance regarding whether they will be liable for suit in an out-of-state seller's home state.

Applying this approach to the instant case results in a finding that Illinois did not have a proper basis for exercising jurisdiction over defendant. Here, the record suggests only that defendant placed orders with Illinois companies as a passive buyer. There is no evidence from which to conclude that defendant was involved in negotiating the terms of its agreements with plaintiff or others in Illinois, was receiving custom-built products, or visited any production facilities in Illinois. Under these facts, sufficient minimum contacts between defendant and Illinois did not exist, and the exercise of jurisdiction did not comport with due process. The circuit court properly denied plaintiff's motion for enforcement of the Illinois judgment.

Affirmed.