No. 2--98--0307

December 30, 1998

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

MELLON FIRST UNITED LEASING, ) Appeal from the Circuit Court

) of Lake County. 

Plaintiff-Appellant, ) 

) No. 97--SC--3900

)

)

ELEANOR S. HANSEN, Indiv. and )

and d/b/a Eleanor Hansen, )

C.P.A., ) Honorable

) E. Thomas Lang,

Defendant-Appellee. ) Judge, Presiding. 

________________________________________________________________

JUSTICE INGLIS delivered the opinion of the court: 

Plaintiff, Mellon First United Leasing (Mellon), timely appeals the circuit court's order of February 26, 1998, granting the section 2--619 motion of defendant, Eleanor S. Hansen, d/b/a Eleanor Hansen, C.P.A., to dismiss this small claims action for lack of personal jurisdiction. See 735 ILCS 5/2--619 (West 1996).  We affirm. 

On October 30, 1997, plaintiff, an Illinois division of Mellon Leasing Corporation, the successor in interest to FUL, Inc., filed a small claims complaint alleging that defendant, a resident of California, entered into a mailing equipment lease agreement in October 1993. The complaint alleged that, under the terms of the lease, defendant consented to jurisdiction in Lake County, Illinois, and that the lease was to be interpreted in accordance with Illinois law.  Under the lease agreement, defendant was to pay defendant $135.30 per month for 60 months.  The complaint alleged that defendant failed to make her monthly payments, was indebted to plaintiff in the amount of $3,810.91, and owed certain amounts for attorney fees and interest. 

Defendant filed a special and limited appearance.  She moved to quash and dismiss the action, arguing that, as a California resident, she did not have sufficient contacts with the State of Illinois to satisfy the due process requirements for the exercise of jurisdiction. She asserted she would suffer extreme inconvenience if she were forced to litigate this matter in  Illinois and would effectively be denied her day in court. Defendant averred that she had not been present in Illinois in 17 years.  The negotiations took place in California between her and a sales representative of plaintiff.  The only contacts with Illinois were that the lease documents were sent to an Illinois office for approval and defendant sent the payments to Illinois.  She further argued that the forum selection clause in the lease was not a negotiated or agreed-upon term of the lease and was not discussed.  

In her motion, defendant stated that it was only after the essentials of the agreement were agreed upon (such as the type of equipment, terms of the lease, and the amount of the payments) that she went to the San Francisco office of the sales company to sign the document.  No mention was ever made of the forum selection clause, and she was not given a copy of the lease until years later.  The forum selection clause is located on the back page of a preprinted form in small typeface.  She argued that the agreement was an adhesion contract.  She was not aware of the forum selection clause and was not in a position to bargain regarding the printed lease terms even if she had been made aware of the clause. She concluded that the clause does not supply the necessary contacts with Illinois to establish jurisdiction in this forum. 

In her supporting affidavit, defendant states she is a resident of California and has never been in Lake County, Illinois.  In August or September 1993, she began to investigate the purchase or lease of a postage meter machine for her newly formed business-- rendering services as a certified public accountant.  She became aware of a company known as Better Office Systems, Inc. (BOS), that engaged in the sale and leasing of office machinery.  To the best of her knowledge, BOS only did business out of its office in the San Francisco Bay area. 

In September 1993, defendant negotiated the lease agreement for the postage meter with Patrick O'Keefe, an employee of BOS.  The only terms discussed or agreed upon were the brand of machinery, the length of the lease, the payments, and the disposition of the machinery upon the conclusion of the lease.  She did not negotiate with Ascom Hasler Leasing, FUL, Inc., Mellon First United Leasing, or Mellon Leasing Corporation.  On September 14, 1993, defendant went to the San Francisco office of BOS and executed the lease agreement.  She did not read or was not made aware of the forum clause in small print on the back page which provided that litigation pursuant to the lease shall occur in Lake County, Illinois.  She was not provided with a copy of the lease until February 1996. She stated it would be an extreme hardship for her to be required to travel to Lake County, Illinois, to defend against the claim. 

Perry Schwartz, president of Mellon, stated in his affidavit, that Mellon, the successor in interest to FUL, Inc., had its principal place of business in Bannockburn, Lake County, Illinois.  On September 21, 1993, FUL received the credit application of defendant which was approved by Heather Zimmer, the assistant credit manager.  The lease agreement was signed in Illinois by Marcia Brey, who was authorized to enter into the lease on behalf of the company.  The money used to purchase the leased equipment was drawn from an Illinois bank.  From November 1993 through June 1997, defendant made monthly lease payments to FUL in Lake County, Illinois.   

The hearing on defendant's motion to quash and dismiss was held on February 26, 1998.  In granting defendant's motion, the court stated several factors key to its decision.  Defendant was at all relevant times a resident of California and was not within Illinois for any portion of the transaction.  The case involved a relatively small amount of money.  The underlying transaction was initially between defendant and a corporation located in San Francisco, California. Prior to signing the lease agreement, defendant did nothing to knowingly transact business with any person or entity having a connection with Illinois.  The terms of the lease were fully negotiated and agreed upon between defendant and the San Francisco vendor.  Prior to signing the agreement, the documentation provided to defendant did not give any indication whatsoever that defendant would be dealing with an Illinois corporation.  The credit application did not contain an Illinois address or even a telephone number with an Illinois area code.  After all the terms of the lease were agreed upon, defendant went to the San Francisco office of the vendor to sign the agreement.  This was the first time that defendant was presented with a document indicating that an Illinois corporation was involved in the underlying transaction.  It was a preprinted form, and the forum selection clause was on the back page of the lease agreement and was not in large type.  Defendant's affidavit stated she did not read or was not made aware of the provision prior to signing the agreement.   

Plaintiff did not present any contradictory evidence.  The court concluded that the forum selection clause was not a term that was negotiated and agreed upon by the parties.  The court determined that Illinois courts lacked 
in personam
 jurisdiction over defendant; that there were insufficient contacts with the State of Illinois to satisfy traditional notions of fair play and substantial justice; and that it would be unfair to force defendant to litigate this matter in Illinois--particularly where the small amount at issue would likely make it cost prohibitive for defendant to assert her defenses here.  The court ruled that proper jurisdiction would obtain in California where plaintiff transacts business and defendant would have a fair opportunity to defend.

We agree generally with the court's determinations.  We review a section 2--619 dismissal or a summary judgment ruling 
de novo
.  
English Co. v. Northwest Envirocon, Inc.
, 278 Ill. App. 3d 406, 410 (1996).  We conclude that it would be unreasonable under the particular circumstances to enforce the forum selection clause.  “A forum selection clause in a contract is 
prima facie
 valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances.”  
Calanca v. D&S Manufacturing Co.
, 157 Ill. App. 3d 85, 87 (1987).  It has been stated that, “in order to hold a forum selection clause unenforceable, enforcement must contravene the strong public policy of the forum or the chosen forum must be '
seriously
 inconvenient for the trial of the action.' “ (Emphasis in original.)  
Calanca
, 157 Ill. App. 3d at 88, quoting 
The Bremen v. Zapata Off-Shore Co.
, 407 U.S. 1, 15-16, 32 L. Ed. 2d 513, 523-

24, 92 S. Ct. 1907, 1916-17 (1972).   

If both parties freely enter into an agreement contemplating such inconvenience should there be a dispute, one party cannot successfully argue inconvenience as the reason for voiding the forum clause.  
Maher & Associates, Inc. v. Quality Cabinets
, 267 Ill. App. 3d 69, 74-75 (1994).  A forum selection agreement reached through arm's-length negotiation between experienced and sophisticated businessmen should be honored by them and enforced by the courts, absent some compelling and countervailing reason for not enforcing it.  
Calanca
, 157 Ill. App. 3d at 88.  A forum selection clause contained in “boilerplate” language indicates unequal bargaining power, and the significance of the provision is greatly reduced. See 
Williams v. Illinois State Scholarship Comm'n
, 139 Ill. 2d 24, 72 (1990). 

Factors that the courts have considered in determining whether to enforce such clauses include (1) which law governs the formation and construction of the contract; (2) the residency of the parties; (3) the place of execution and/or performance of the contract; (4) the location of the parties and the witnesses participating in the litigation; (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for.  
Dace International, Inc. v. Apple Computer, Inc.
, 275 Ill. App. 3d 234, 238 (1995).  Another factor that may be considered is whether the contract involves an unsophisticated consumer in a small transaction in the marketplace.  
Dace
, 275 Ill. App. 3d at 241. 

We decline to disturb the decision of the trial court.   The record before us is limited.  Based on the pleadings, the exhibits, the affidavits, and the findings of the court, we conclude that the facts available from this record militate against enforcing the forum selection clause.  First, it does not appear that the clause was reached through arm's length negotiation between experienced businesspersons of the same stature. Rather, it was part of boilerplate language in small print on the back of a preprinted form used by plaintiff in its lease agreements.  The agreement is more like an adhesion contract.  Plaintiff presented no contradictory evidence that this term was bargained for or that there was any direct negotiation of the terms with the Illinois plaintiff.  From the facts gleaned in this record, it appears that defendant is more akin to an ordinary consumer involved in a small transaction than a sophisticated businessperson of stature equal to the leasing company.  Defendant apparently had a newly organized proprietary business where she functioned as a certified public accountant.  She is not in the office equipment business, and there is no indication that she would have any particular expertise or equivalent bargaining power with respect to this type of office equipment business. 

Defendant completed the negotiations for the lease with a San Francisco vendor and had no reason, until the last moment, to believe she would be dealing with an Illinois corporation should there be a legal dispute.  She filled out a credit application that gave no indication that she was dealing with an Illinois corporation.  The clause was not equally bargained for.

The parties have not disputed the application of Illinois law to this matter.  Defendant is a resident of California and has not set foot in Illinois for any part of this transaction, and she does business in California.  She obtained the equipment to use in California.  There is no indication that she does business in Illinois.  She executed the documents in California that were presumably forwarded to plaintiff for approval.  Plaintiff clearly does business through a vendor in California and received the completed credit application, including the vendor information, from California.  The residency factor weighs in favor of defendant as does the location of the parties and the witnesses that would be participating in the litigation. 

Similarly, the inconvenience would appear to be greater to defendant in requiring her to travel to Illinois solely to defend against a small claim while it also appears that plaintiff does business through a vendor located in California. We believe it would be unfair and unreasonable to require defendant to litigate this small claim in Illinois. 

We have determined that the forum selection clause should not be enforced and does not serve as the basis to invoke Illinois jurisdiction. We next consider plaintiff's argument that jurisdiction may nevertheless be invoked pursuant to the Illinois long-arm statute because defendant has submitted to Illinois jurisdiction by virtue of the “transaction of business” in Illinois or the “making or performance of any contract or promise substantially connected with this State.”  See 735 ILCS 5/2--209 (1), (7) (West 1992).  Citing an older Illinois case containing a vigorous dissent, 
First Professional Leasing Co. v. Rappold
, 23 Ill. App. 3d 420 (1974), plaintiff argues that the long-arm statute and the constitutional “minimum contacts” test were satisfied. Here, as in 
Rappold
, a California defendant entered into a lease contract accepted by an Illinois corporation, an Illinois company provided the funds, and defendant was to remit payments to the Illinois corporation.  While this case has similarities with 
Rappold
, we do not find it persuasive, and we decline to follow it. Dissenting Justice Smith concluded that the execution of an equipment lease agreement in Illinois, which was also executed in California by a California resident who mailed it to Illinois along with payments, did not meet the due process “minimum contacts” test.  
Rappold
, 23 Ill. App. 3d at 425-26 (Smith, J., dissenting).   More recent cases examine the nature of the contract, the extent of defendant's activities in connection with this state, and the facts and circumstances surrounding the transaction.  See, 
e.g.
, 
Northern Trust Co. v. Randolph C. Dillon, Inc.
, 558 F. Supp. 1118 (N.D. Ill. 1983) (Illinois lessor's acceptance of lease which had been partially executed in California and sending of lease payments to Illinois did not suffice to confer personal jurisdiction over nonresident defendants). 

When invoking long-arm jurisdiction, the plaintiff has the burden of showing that there is a valid basis for jurisdiction over the defendant.  
Poplar Grove State Bank v. Powers
, 218 Ill. App. 3d 509, 517 (1991).  In deciding whether jurisdiction obtains over a nonresident defendant, courts consider whether jurisdiction is proper under the long-arm statute and also whether jurisdiction is permissible under constitutional due process standards. The analysis may begin with either step, and if the court finds the constitutional test more readily applicable, it need not determine whether the defendant's activities meet the requirements of the long-arm statute.  See 
Stein v. Rio Parismina Lodge
, 296 Ill. App. 3d 520, 524 (1998).  Where the exercise of jurisdiction would not comport with the requirements of constitutional due process, a court must dismiss the action for want of jurisdiction.  
Stein
, 296 Ill. App. 3d at 524. 

Our supreme court has clearly dispelled any suggestion that, once a court finds a nonresident has committed any act that falls within the provisions of the long-arm statute, Illinois' jurisdictional standards have been satisfied and all that remains is for the court to determine if jurisdiction comports with the federal due process standards.  
Rollins v. Ellwood
, 141 Ill. 2d 244, 274 (1990).  
Rollins
 instructs us that Illinois courts are not to consider only the literal meaning of the text of the long-

arm statute or the evolving federal constitutional standards of due process; they must consider the constraints imposed by the Illinois Constitution's guarantee of due process.  
Rollins
, 141 Ill. 2d at 275.  Under the federal due process standard, a defendant is not subject to a judgment 
in personam
 in the forum state unless he has certain minimum contacts with that state such that bringing the action there does not offend traditional notions of fair play and substantial justice.  
Chalek v. Klein
, 193 Ill. App. 3d 767, 770 (1990).  Under the Illinois constitutional standard, jurisdiction is to be asserted “only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois.”  
Rollins
, 141 Ill. 2d at 275; see 
Sackett Enterprises, Inc. v. Staren
, 211 Ill. App. 3d 997, 1004 (1991).  The focus is on the defendant's activities within the forum state, not those of the plaintiff.  
Sackett
, 211 Ill. App. 3d at 1004. 

Where a nonresident merely enters into a contract with a resident of the forum state, this fact is not sufficient by itself to subject the nonresident to the 
in personam
 
jurisdiction of the forum state.  See 
Chalek v. Klein
, 193 Ill. App. 3d at 772; see also 
Ideal Insurance Agency, Inc. v. Shipyard Marine, Inc.
, 213 Ill. App. 3d 675, 682 (1991) (“the mere execution of a contract within Illinois is not by itself a sufficient transaction of business to fit within the long-arm statute”).  Thus, “if the nonresident buyer is a passive party who merely places an order by mail, telephone, or to a salesperson and accepts the seller's price” through some form of solicitation, “the courts of the seller State will not be able to exercise 
in personam
 jurisdiction over the buyer.”  
Chalek
, 193 Ill. App. 3d at 773.  “If the buyer departs from a passive role by dictating or vigorously negotiating contract terms or by inspecting production facilities” in Illinois, the buyer may be characterized as an active buyer subject to personal jurisdiction in this state.  
Chalek
, 193 Ill. App. 3d at 773.  “The type of conduct which would characterize an active purchaser is far more typical in dealings between major business organizations than in transactions in which a consumer or even a small shopkeeper is the purchaser.”  
Chalek
, 193 Ill. App. 3d at 773. 

Defendant is analogous to the passive, small shopkeeper purchaser described in 
Chalek
.  Here, defendant entered into the lease agreement with a vendor in California, placed an order for a postage meter machine, and agreed to the price and the eventual disposition of the equipment.  She executed the documents there and obtained and used the equipment there.  She did not dictate the terms of the agreement to the Illinois plaintiff; rather, the contract is a preprinted form contract drafted by the plaintiff lessor, and it dictates nearly all of the terms using boilerplate language.  

Defendant never set foot in Illinois.  Her only connection with Illinois included correspondence--forwarding the documents, presumably through the California vendor, for approval in Illinois and sending payments to an Illinois office.  These actions are insufficient to satisfy the “minimum contacts” due process standard and, moreover, do not amount to the transaction of business in Illinois for 
in personam
 jurisdictional purposes.  See 
American Funeral Computer Service, Inc. v. Floyd
, 165 Ill. App. 3d 309, 312 (1988); 
Artoe v. Mann
, 36 Ill. App. 3d 204, 206 (1976) (where negotiations by plaintiff took place in California, mere placement of order by California defendants through mails to Illinois plaintiff for equipment to be installed in California did not satisfy minimum contact requirements of long-arm statute; subjecting defendants to Illinois jurisdiction would violate traditional notions of fair play and substantial justice); see also 
Konicki v. Wirta
, 169 Ill. App. 3d 21 (1988) (California residents who negotiated and purchased condominium in California that secured note providing for payment to Illinois holder of note did not have sufficient contacts with Illinois for personal jurisdiction under long-arm statute, notwithstanding telephone calls and correspondence with Illinois plaintiff-holder of note); see also  
Northern Trust Co. v. Randolph C. Dillon, Inc.
, 558 F. Supp. 1118 (N.D. Ill. 1983) (Illinois lessor; payments sent to Illinois by nonresident defendants).

Under the Illinois constitutional standard found in 
Rollins
, we also do not find that, under the facts presented, it is fair, just, and reasonable to require this nonresident defendant to defend a small claims action in Illinois, considering the quality and nature of her acts in relation to this forum and this plaintiff.  
Rollins
, 141 Ill. 2d at 275.  We conclude that plaintiff did not meet its burden of showing that defendant is subject to personal jurisdiction in Illinois. 

For the foregoing reasons, we affirm the judgment of the circuit court of Lake County. 

Affirmed. 

McLAREN and RATHJE, JJ., concur.