# In the
# United States Court of Appeals
## For the Seventh Circuit
―――――――――

No. 05-1720

IFC CREDIT CORPORATION

*Plaintiff-Appellant*,

*v.*

ALIANO BROTHERS GENERAL CONTRACTORS, INC., *et al.*,

*Defendants-Appellees*.

―――――――――

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 6504—**John W. Darrah**, *Judge*.

―――――――――

ARGUED JANUARY 4, 2006—DECIDED FEBRUARY 1, 2006

―――――――――

Before POSNER, EVANS, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*. We are asked to decide the validity of a forum selection clause that appears in the following provision of a contract between NorVergence, Inc. and Aliano (our collective name for the two defendants— a corporation and one of its co-owners, who personally guaranteed the corporation's debts):

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the

> assignee's principal offices are located, without re-
> gard to such State's choice of law considerations and all
> legal actions relating to this Lease shall be venued
> exclusively in a state or federal court located within that
> State, such court to be chosen at Rentor or Rentor's
> assignee's sole option. You hereby waive right to a
> trial by jury in any lawsuit in any way relating to this
> rental.

The contract is for the lease of telecommunications equipment by NorVergence to Aliano, a construction company, for five years at an annual rental of about $20,000. The contract authorizes NorVergence to assign the contract—and note that in the provision quoted above, Aliano consents to be sued in state or federal court either in the state in which NorVergence had its headquarters (New Jersey, which is also Aliano's state), or, if NorVergence assigns the contract, in a state or federal court in the state in which the assignee is headquartered.

As soon as Aliano signed the contract, NorVergence assigned it to IFC, the plaintiff, which is headquartered in Illinois. Aliano defaulted on its lease payments, and IFC brought this diversity suit in a federal district court in Illinois to collect them. Aliano moved to dismiss the suit for lack of personal jurisdiction, as Aliano has no presence in Illinois or other contacts with the state. The judge granted the motion on the ground that the forum selection clause is invalid and so is not an effective waiver of Aliano's objection to personal jurisdiction. IFC appeals the dismissal of its suit. The assignee of many of NorVergence's leases, IFC has been involved in a number of lawsuits in different state and federal courts in which the validity of the same forum selection clause has been challenged. The courts have divided over its validity, but with

the tide running against. Compare *IFC Credit Corp. v. Burton Industries, Inc.*, No. 04 C 5906, 2005 WL 1243404, at *2-3 (N.D. Ill. May 12, 2005), upholding its validity, with *IFC Credit Corp. v. Warner Robbins Supply Co.*, No. 04 C 6093, 2005 U.S. Dist. LEXIS 26450, at *9-11 (N.D. Ill. Oct. 26, 2005); *IFC Credit Corp. v. Century Realty Funds, Inc.*, No. 04 C 5908, slip op. at 7-8 (N.D. Ill. Mar. 4, 2005); *IFC v. South Coast Dental Labs*, No. 04 M3 2646, slip op. at 15-21 (Ill. Cook Cty. Cir. Ct. June 21, 2005); *IFC v. Main Street Mortgage*, No. 04 M3 2649, slip op. at 15-19 (Ill. Cook Cty. Cir. Ct. Mar. 30, 2005), and *IFC v. Thomas Printing, Inc.*, No. 04 M3 2654, slip op. at 2-4 (Ill. Cook Cty. Cir. Ct. Mar. 17, 2005), all holding it invalid, and with *IFC Credit Corp. v. Kay Automotive Distributors, Inc.*, No. 04-5907, slip op. at 1-2 (N.D. Ill. June 13, 2005); *IFC Credit Corp. v. Austin Automotive Warehouse Corp.*, No. 04-8030, slip op. at 2-4 (N.D. Ill. Apr. 6, 2005), and *IFC Credit Corp. v. Eastcom, Inc.*, 2005 WL 43159, at *1-3 (N.D. Ill. Jan. 7, 2005), expressing skepticism about its validity. The decisions that hold the clause invalid or express skepticism about its validity invariably do so on the ground that the clause is not specific; that is incorrect, as we shall see.

A threshold question is whether federal or state law governs the issue of validity. Had the district judge been asked to transfer the case to the federal district court in New Jersey, where IFC could obtain personal jurisdiction over Aliano without having to rely on the forum selection clause, the validity of the clause would plainly be governed by federal law. For in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), the Supreme Court held that even in a diversity case the federal *forum non conveniens* statute, 28 U.S.C. § 1404(a), in providing that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought," allows the federal district court to give weight to a forum selection clause whether or not the clause would be deemed valid by the state in which the suit was brought. *Stewart* tells the district court to consider the policy behind the state's judgment of validity or invalidity because that policy would bear on whether transferring the case would be "in the interest of justice," but to make an independent judgment whether to enforce the clause and therefore refuse to transfer. 487 U.S. at 30-31; *Northwestern National Ins. Co. v. Donovan*, 916 F.2d 372, 373-74 (7th Cir. 1990); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877-78 (3d Cir. 1995).

But in this case there was no transfer order, hence no occasion to apply section 1404(a). Should that change the result? If the dismissal of the suit stands, IFC will refile it in New Jersey, just as if a transfer order had been issued. If the suit belongs in Illinois, in the sense that had a motion to transfer been filed it should have been denied, the suit belongs in this state, one might think, whether or not such a motion is filed.

A court system has an independent interest in deciding which court in the system shall hear which cases, to mini-mize imbalances in workload. *Stewart Organization, Inc. v. Ricoh Corp.*, *supra*, 487 U.S. at 30-31. Shall it be a federal district court in Illinois or the one in New Jersey? As Justice Kennedy emphasized in his concurrence in *Stewart*, 487 U.S. at 33, and later cases confirm as we are about to see, federal courts are friendly to the use of forum selection clauses to determine which federal district court shall host a case. That policy might well seem as applicable to the present case as to one in which a motion to transfer is filed, though dis-missal and transfer do not have identical effects. Dismissal is appealable, transfer not; the choice of law rules are

different; and of particular relevance to the present discussion, if the dismissal of IFC's suit stands, IFC might decide to refile the suit in a New Jersey state court rather than in the federal court in New Jersey.

Several of the federal circuits have concluded that federal law indeed governs the validity of forum selection clauses (even) in diversity suits not involving a motion under section 1404(a). E.g., *Jumara v. State Farm Ins. Co.*, *supra*, 55 F.3d at 877-78; *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1991); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). But none of them has considered whether their conclusion should hold when the clause is invoked, as in this case, in an attempt to obtain personal jurisdiction that would otherwise be unobtainable. Other courts, including our own, have reserved the question whether federal law governs other than in the specific context exemplified by the *Stewart* case, that is, other than in cases in which the determination of validity is incidental to the application of the *forum non conveniens* statute. E.g., *Northwestern National Ins. Co. v. Donovan*, *supra*, 916 F.2d at 373-74; *Rainforest Café, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 546 (8th Cir. 2003).

When as in the present case the issue is not the convenience of the forum selected by the plaintiff but whether the forum has personal jurisdiction over the defendant by virtue of a forum selection clause, application of federal law would collide with the countless decisions that hold that in a diversity case a federal court has personal jurisdiction over a defendant "only if a court of the state in which [the federal court] sits would have jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003); to the same effect, see, e.g., *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *Michael J. Neuman &*

*Associates v. Florabelle Flowers*, 15 F.3d 721, 724 (7th Cir. 1994); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004); *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 99 (2d Cir. 2000); compare *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 550-51 (7th Cir. 2001) (different rule in federal-question cases). If federal law governs the validity of the clause, this is an invitation to forum shopping, as the state courts might dismiss a case, holding the clause invalid and having no other basis ("minimum contacts") for asserting personal jurisdiction, while a federal district court in the same state would hold the clause valid and so retain the case. See *Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, 918-19 (11th Cir. 1989). Of course, as Justice Scalia argued in his vigorous dissent in *Stewart*, 487 U.S. at 39-40, *Stewart* too is an invitation to forum shop, but an invitation tendered, so at least the majority held, by section 1404(a), which is not in play in a case such as this.

It seems that either position is arbitrary. If federal law governs, an arbitrary difference between a federal and a state litigation is created. If state law governs, an arbitrary difference between a dismissal (followed by a refiling) and a transfer is created. Prudence in this situation counsels us to reserve decision and instead consider how the appeal would be decided under either view and hope that the result will be the same.

If the issue of the validity of the forum selection clause is governed by federal law, Aliano hasn't a chance. The attitude of this circuit toward the validity issue was made clear in *Northwestern National Ins. Co. v. Donovan*, *supra*, where, citing the Supreme Court's decision in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), and an earlier decision by this court, we said that "those decisions bury the outmoded judicial hostility to forum selection

clauses. They make clear that since a defendant is deemed to waive (that is, he forfeits) objections to personal jurisdiction or venue simply by not making them in timely fashion, a potential defendant can waive such objections in advance of suit by signing a forum selection clause. Their approach is to treat a forum selection clause basically like any other contractual provision and hence to enforce it unless it is subject to any of the sorts of infirmity, such as fraud and mistake, that justify a court's refusing to enforce a contract." 916 F.2d at 375. Freedom of contract requires no less. Potential defendants would not agree to the inclusion of such a clause in their contracts if they thought it would put them at a disadvantage should the parties have a dispute that resulted in litigation, unless they were compensated for assuming that risk. If as seemed apparent in *Northwestern* as in the present case the clause did favor the other party to the contract, then probably "the defendants were compensated in advance," in other terms of the contract such as the price, "for bearing the burden of which they now complain," and if so they would "reap a windfall if they are permitted to repudiate the forum selection clause." *Id*. at 378.

In *Bremen*, the party complaining about the forum selection clause had been a business firm; in *Northwestern* the complainers were tax-shelter investors. Any doubt that federal law accords such clauses the same presumption of validity as attends the price, quantity, and other terms normally found in contracts—that federal law doesn't look on them with a fisheye—was dispelled the year after our decision in *Northwestern* by the Supreme Court. In *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), the forum selection clause appeared on the passenger tickets issued by a cruise line. The complainers were neither business firms nor sophisticated investors, but merely consumers. The

clause was boilerplate in a classic "contract of adhesion" (the fancy, and pejorative, expression for a nonnegotiated, that is, take-it-or-leave-it, consumer contract). Neverthe-less the Supreme Court held that the forum selection clause was valid. Such clauses, the Court said, could be invalidated only if they flunked the test of "fundamental fairness. In this case, there is no indication that petitioner set Florida as the forum in which disputes were to be resolved as a means of discouraging cruise passengers from pursuing legitimate claims. Any suggestion of such a bad-faith motive is belied by two facts: Petitioner has its principal place of business in Florida, and many of its cruises depart from and return to Florida ports. Similarly, there is no evidence that petitioner obtained respondents' accession to the forum clause by fraud or overreaching. Finally, respondents have conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity." *Id*. at 595. We take this to mean that even in a contract between a business firm and a consumer, but *a fortiori* in a contract between two business firms, a forum selection clause is enforceable to the same extent as the usual terms of a contract, which mainly means unless it was procured by fraud or related misconduct. See also *AAR Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 525-26 (7th Cir. 2001); *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1290-91 (7th Cir. 1989).

Aliano is a business firm, not a hapless consumer. Its brief tells us that it is a small firm, but there is no evidence in the record to support that characterization. Nor any to suggest that NorVergence was a large firm when it signed the contract with Aliano (it may now be defunct). All we know about Aliano is that it is a corporation, that it is in the construction business, that few if any construction projects are undertaken without a written contract, that Aliano has

been in the construction business for a quarter of a century, and that it works mainly for public schools and other public institutions—which are notorious for insisting on detailed contracts designed to tie contractors in knots.

The forum selection clause is not confusing; it makes clear that the venue of any suit on the lease is the principal offices (i.e., the headquarters) of either the lessor or, if the lease has been assigned, of the assignee. Aliano points out that the Federal Trade Commission sued NorVergence (which is in bankruptcy), charging that its leases of telecommunications equipment were fraudulent and in passing challenging the forum selection clause as part of the fraudulent scheme. But no evidence has been presented in this case that would support such a challenge; nor have there been any findings in the FTC's suit. Aliano's co-owner did submit an affidavit attesting that NorVergence did not tell him that the contract contained a forum selection clause and was assignable. Anyone reading the contract would know both things, however; and it is not fraud to fail to tell a person orally what is in the written contract that he is being asked to sign. A default judgment has been entered in the FTC's suit but Aliano does not cite the judgment as bearing on the forum selection issue in the present case.

To summarize the discussion to this point, if the issue of validity is governed by federal law, the validity of the forum selection clause in this case is plain, at least so far as the present record discloses (the significance of this qualification will become apparent shortly). Aliano contends that the validity of the clause is actually governed by Illinois law. Suppose this is right—for remember that we're taking no position on whether federal or state law governs the issue of validity when there is no transfer order. At the black-letter level, Illinois law concerning the validity of

forum selection clauses is materially the same as federal law. *Calanca v. D & S Mfg. Co.,* 510 N.E.2d 21, 23 (Ill. App. 1987), for example, in an approving discussion of *Bremen,* states the Illinois rule to be the following: "A forum selection clause in a contract is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." But in application as distinct from general statement (and one must always be wary about generalities in judicial opinions), the Illinois law on validity is more lenient toward the defendant than the federal law when there is a significant inequality of size or commercial sophistication between the parties, especially if the transaction is so small that the unsophisticated party might not be expected to be careful about reading boilerplate provisions that would come into play only in the event of a lawsuit, normally a remote possibility. *Mellon First United Leasing v. Hansen*, 705 N.E.2d 121, 125-26 (Ill. App. 1998), so teaches—but in dramatically different circumstances from those of our case: the defendant was a solo accountant who had just started her own tiny business rather than, as here, a 25-year-old corporation that negotiates and signs government contracts all the time. Our case is more like *Dace Int'l, Inc. v. Apple Computer, Inc.*, 655 N.E.2d 974, 977-78 (Ill. App. 1995), where both parties were corporations, and "although of vastly different size," their corporate nature and the fact that they were experienced in negotiation and business practice defeated the smaller corporation's challenge to the validity of the forum selection clause. See also *Yamada Corp. v. Yasuda Fire & Marine Ins. Co.*, 712 N.E.2d 926 (Ill. App. 1999).

   Aliano places most of its marbles in a basket labeled *Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 662 N.E.2d 467 (Ill. App. 1996), but that case actually has no

bearing on this one. It involved an insurance contract that authorized Whirlpool, the insured, to sue the insurers in "any Court of competent jurisdiction within the United States," and specified that the law administered in that court would govern the parties' dispute. *Id.* at 470. The Illinois Appellate Court held only that this language did not bar the insurers from arguing that the particular forum chosen by the insured was inconvenient. The insurers were foreign entities; and all the clause may have meant was that they would not object to being sued in an American court—not necessarily *any* American court, which would be pretty absurd; it would mean that Whirlpool, the headquarters of which were in Michigan, could have sued the English insurers in New Mexico, and New Mexico law would have applied.

Aliano fastens on one sentence in the *Whirlpool* opinion: "Good policy dictates that a true forum selection clause should be clear and specific." *Id.* at 471. Fair enough. The clause in *Whirlpool* was not "clear and specific," because it could as we just noted be interpreted to mean just that the insurers were waiving their right to argue that they could not be sued in the United States because they were foreign entities with perhaps few or no contacts in the United States other than the insurance contracts. Interpreted as a forum selection clause, the provision could have produced an extremely goofy result (the suit in New Mexico under New Mexico law), which is a good reason for reading a contract one way rather than another.

Aliano argues that to be "clear and specific" the forum selection clause must name the state in which the suit must be brought. The district judge agreed, as have the other first-instance judges who have held the clause invalid. But the argument ignores the fact that naming names is not

the only method of dispelling ambiguity. Aliano's lawyer acknowledged at argument that if the contract had said that suit could be brought in New York or Vermont, or in a federal district court in the First Circuit, or in a federal district court in either the First or Second Circuit, or in any state that George W. Bush carried in the 2004 presidential election, the forum selection clause would be valid because it would be clear and specific. Yet in none of those hypothetical cases would Aliano have known when it signed the contract with NorVergence where suit would be brought against it. The purpose of requiring that a forum selection clause be "clear and specific" is to head off disputes over where the forum selection clause directs that the suit be brought. There was no possibility of such a dispute here, because the forum selection clause designates the state of suit unequivocally: it is the headquarters state of either NorVergence or, if the contract has been assigned, of the assignee.

If Aliano's name-the-forum position (minus its lawyer's concession, which guts it) were accepted, the assignment of contracts would be impeded because the assignee would have to litigate in a state specified in the contract, and that state might be inconvenient for it. Parties to contracts are not benefited by rules that make assignment burdensome. If assignors have to compensate their assignees for having to litigate in an inconvenient forum, they will have to charge a higher price to their customers, such as Aliano.

So the dismissal of the suit was error if Illinois law applies (and *a fortiori* if federal law applies), though on remand it will be open to Aliano to try to prove, if it can, that the forum selection clause is invalid because it was procured by fraud, or for some other recognized reason for invalidating

a contractual provision. *Northwestern National Ins. Co. v. Donovan, supra*, 916 F.2d at 377. Aliano can even, if it wishes, move for transfer under 28 U.S.C. § 1404(a). Of course if it does that, there will be no shadow of a doubt that the federal standard applies; the case will be indistinguishable from *Stewart*. And since the forum selection clause is (barring its invalidation on fraud or some cognate ground) valid, there is a strong presumption against transfer. The presumption can be overcome, as we explained in *Northwestern*, only "if there is inconvenience to some third party . . . or to the judicial system itself," as distinct from inconvenience to the party seeking transfer. That party's inconvenience has no weight if the clause is valid, 916 F.2d at 378, because the party waived any objection based on inconvenience to it by agreeing to the clause. But it could not waive rights of third parties, or the interest of the federal judiciary in the orderly allocation of judicial business, which is why a transfer motion can be granted even if there is a valid forum selection clause. See also *Heller Financial, Inc. v. Midwhey Powder Co., supra*, 883 F.2d at 1293.

The dismissal of IFC's suit is

REVERSED.

A true Copy:

      Teste:

                _____
                *Clerk of the United States Court of*
                *Appeals for the Seventh Circuit*