**THE TINGSTOL COMPANY, Plaintiff,**

v.

**RAINBOW SALES, INC., Defendant.**

**No. 97 C 8867.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 2, 1998.

Michael H. Moirano, Robert B. Christie, Stephen Andrew Wallenfelsz, Nisen & Elliott, Chicago, IL, for Plaintiff.

John A. Tatooles, Steven R. Kathe, John A. Tatooles & Associates, Palatine, Sabato DeVito, Jr., Strong Hill, FL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is a motion filed by defendant Rainbow Sales, Inc. ("Rainbow"). This motion is Rainbow's motion to dismiss plaintiff Tingstol Company's ("Tingstol") complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Rainbow also requests leave to file a motion for change of venue pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the court denies defendant's motion to dismiss and grants defendant leave to file a motion for change of venue.

## I. BACKGROUND

The plaintiff Tingstol is a Delaware corporation with its principal place of business in Illinois. Tingstol is a manufacturer of printed circuit boards. Defendant Rainbow is a Florida corporation with its principal place of business in Florida. Rainbow acts as a sales representative for various manufacturers.

In November of 1983, Rainbow initiated contact with Tingstol concerning Rainbow's desire to enter into an exclusive sales agreement with Tingstol. On November 15, 1983, Rainbow and Tingstol negotiated and entered into a verbal agreement in Illinois, whereby Tingstol retained Rainbow to represent it in Florida. Tingstol agreed to pay Rainbow a commission on sales of Tingstol's products in Florida. This agreement was reduced to writing on March 27, 1986, when the parties entered into a written sales agency agreement. This written agreement was modified on January 19, 1993 and again on July 1, 1993. These three written agreements specifically provided that any disputes relating to the agreements were to be construed under Illinois law. On November 19, 1996, Tingstol served Rainbow with a sixty day notice of termination.

A controversy exists between the parties concerning Tingstol's alleged obligation to pay commissions to Rainbow on orders that were placed and processed following Rainbow's termination. Tingstol is seeking a declaratory judgment ordering that it has no obligation to pay Rainbow any sales commissions on orders issued following Rainbow's termination. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of $75,000 and the parties are citizens of different states.

## II.  DISCUSSION

### A.  Standard for deciding a Rule 12(b)(2) motion to dismiss

In evaluating a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden of providing sufficient facts to establish personal jurisdiction. *McIlwee v. ADM Industries, Inc.*, 17 F.3d 222, 223 (7th Cir.1994). The court may consider affidavits, depositions and other documents outside the pleadings, but must construe all facts concerning jurisdiction in favor of the non-moving party. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir.1987).

### A.  Personal jurisdiction over Rainbow

In a diversity case, a federal district court in Illinois has personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir.1992). Under the Illinois long-arm statute, state courts have general jurisdiction over any claims against nonresident defendants "doing business" within the state or specific jurisdiction over claims arising from nonresident defendants' acts within the state. 735 ILL. COMP. STAT. 5/2–209(a), (b). The statute also provides for jurisdiction on any other basis permitted by the Illinois and the United States Constitutions. 735 ILL. COMP. STAT. 5/2–209(c).

In determining whether a court may exercise personal jurisdiction over a nonresident defendant, the court must ordinarily perform a two-pronged analysis: (1) the court must examine whether defendant's alleged acts fall within those enumerated in the state's long arm statute and, if so, (2) the court must determine whether the exercise of jurisdiction comports with federal constitutional limitations of due process. *Dehmlow*, 963 F.2d at 945. However, like many states, Illinois' long-arm statute potentially extends personal jurisdiction to the limits of the due process clause and its minimum contacts standard. 735 ILL. COMP. STAT. 5/2–209(c); *Dehmlow*, 963 F.2d at 945. Therefore, if jurisdiction over Rainbow would meet federal constitutional requirements, it would also comport with Illinois' long-arm statute. Thus, the inquiry is now whether this court may assert *in personam* jurisdiction over a defendant consistent with due process. *Wallace v. Herron*, 778 F.2d 391, 393 (7th Cir. 1985).

Due process measures the limits of personal jurisdiction by the strength of the relationship between the defendant and the forum state. Federal due process requires that the defendant have "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Courts have typically considered the due process analysis as a two-part inquiry: (1) the court must first determine whether minimum contacts exist, and if so, (2) the court must decide whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

### 1.  Minimum contacts

Minimum contacts are those acts by which the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum," *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), such that he should "reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Thus, under federal due process, "[a] state cannot force a nonresident to litigate in its courts unless there is 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law.'" *Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 394 (7th

Cir.1994) (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

The court finds that Rainbow meets the "minimum contact" requirement of due process. Rainbow had fair warning of its amenability to suit in Illinois because it purposefully availed itself of the privilege of conducting business in Illinois when it made the initial contact with Tingstol and actively negotiated the terms of the agreement. Rainbow invoked the benefits of Illinois when it signed the agreement which contained a choice of law provision providing that any disputes relating to the agreement would be construed under Illinois law.

Further, between 1983 and 1996, Rainbow regularly sent mail to Tingstol's Illinois offices and telephoned Tingstol two to three times per week concerning Rainbow's representation of Tingstol under the agreement. During the period covered under the agreement, a representative of Rainbow visited Tingstol's facilities in Illinois two to three times per year; these visits were not mandated or requested by Tingstol.

### 2. Fair play and substantial justice

In having found that Rainbow meets the minimum contacts required for personal jurisdiction, the focus of the court's inquiry now becomes whether the assertion of jurisdiction comports with fair play and substantial justice. In deciding whether the exercise of personal jurisdiction is consistent with the requirements of due process so as not to offend traditional notions of fair play and substantial justice, a court must consider a set of factors. These factors include the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. *Dehmlow*, 963 F.2d at 945 (quoting *Asahi*, 480 U.S. at 103, 107 S.Ct. 1026). The court must also weigh "the interstate judicial system's interest in obtaining the most efficient resolution of the controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *Id.*

After considering these factors, the court finds that the exercise of jurisdiction over Rainbow is not unfair. Illinois has a legitimate interest in holding Rainbow answerable on a claim related to the contacts that he

established in Illinois. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482–83, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Further, a forum state has substantial interest in adjudicating disputes involving its citizens regarding contracts which are to be determined under its law.

Tingstol also has a considerable interest in litigating this case in Illinois. Rainbow is claiming that Tingstol owes it commissions exceeding $100,000. Tingstol is an Illinois citizen who is seeking a declaratory judgment that it has no obligation to pay Rainbow under a contract that was negotiated and signed in Illinois and governed by Illinois law. Rainbow argues that Tingstol may obtain relief in a more convenient and appropriate forum but they offer no support for this claim.

With respect to the burden that would be placed on Rainbow of litigating this case in Illinois, the court cannot make a meaningful determination concerning this factor. Rainbow claims that litigating this action in Illinois would be "burdensome" but offers no support for that claim. Therefore, consideration of the burden to the parties will remain neutral.

Finally, an Illinois court could guarantee an efficient resolution of the controversy as an Illinois court could easily enforce any judgment against Tingstol. Neither party has suggested how any social policies would be furthered or impeded by permitting this dispute to be heard in Illinois and the court can imagine none. Therefore, this factor does not favor either party in the court's assessment of jurisdiction.

In assessing the factors which determine whether the exercise of personal jurisdiction is consistent with the requirements of due process, this court finds that subjecting Rainbow to suit in Illinois would not be unfair. Rainbow has established minimum contacts with Illinois such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Therefore, Illinois may exercise personal jurisdiction over Rainbow.

### III. CONCLUSION

For the foregoing reasons, the court denies Rainbow's motion to dismiss Tingstol's com-

plaint pursuant to Federal Rule of Civil Procedure 12(b)(2). Rainbow is granted leave to file a motion for change of venue pursuant to 28 U.S.C. § 1404(a). Rainbow is given until July 20, 1998 to file this motion.