JAMIK, INC., d/b/a Luxury Commercial Bath Systems, Plaintiff,

v.

DAYS INN OF MOUNT LAUREL, d/b/a Days Inn Fellowship, William Juliano, Sr. and William Juliano, Jr., Defendants.

No. 99 C 3990.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 30, 1999.

Anthony C. Valiulis, Kimberly A. Krugman, Much Shelist Freed Denenberg Ament & Rubenstein, P.C., Chicago, IL, for plaintiff.

James P. Mullally, Konewko Grief & I Mullally, Ltd., West Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants' motion to dismiss plaintiff's first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the court grants defendants' motion to dismiss.

## I. BACKGROUND

Defendants William T. Juliano and William J. Juliano (collectively "defendants") own and operate a Days Inn Hotel, pursuant to a franchise agreement, in Mount Laurel, New Jersey. Defendants both reside in New Jersey. Plaintiff Luxury Commercial Bath Systems ("plaintiff") is a corporation located in Chicago Ridge, Illinois.

In or about June of 1998, plaintiff contacted William T. Juliano in New Jersey in an effort to solicit defendants' business for the sale and installation of bathroom-related items in defendants' hotel. After receiving plaintiff's telephone call, defendants returned that call and requested a written proposal for the delivery and installation of bathroom-related items in defendants' New Jersey hotel. Plaintiff then sent a hard-copy of this proposal to defendants in New Jersey. On or about January 12, 1999, while in New Jersey, defendants executed this agreement with plaintiff.

Pursuant to this agreement, plaintiff manufactured bathtub enclosure units for shipment to New Jersey. The units were delivered to defendants' hotel in Mount Laurel, New Jersey, where plaintiff or its agent was to install them. Plaintiff, or plaintiff's agent, was only able to install a portion of the bathtub enclosure units before a fire, causing extensive damage to defendants' hotel, occurred. However, plaintiff or its agent remain ready, willing and able to complete the contract. (Pl. Compl.¶ 6.) Thus, plaintiff claims that it is entitled to full payment under the contract, in the amount of $168,446.85. (Pl. Compl.¶¶ 4, 8.)

In their motion to dismiss, defendants allege that this fire was caused by plaintiff or plaintiff's agent during the installation of the bathtub units. (Defs.Mem. in Support of Mot. to Dismiss at 3.) According to defendants, the fire started when plaintiff or plaintiff's agent dropped a tool down a hollow wall. (Id.) This tool hit wires located within the wall and caused sparks to ignite. (Id.) Defendants argue that this fire—allegedly caused by plaintiff or plaintiff's agent—serves as a defense to the contract claim and as an independent counterclaim against plaintiff.

## II. DISCUSSION

### A. Personal Jurisdiction

■ In a case based upon diversity of citizenship, a federal court sitting in Illinois has personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir.1997); Daniel J. Hartwig Assoc., Inc. v. Kanner, 913 F.2d 1213, 1216 (7th

Cir.1990). Under Illinois law, the plaintiff bears the burden of establishing personal jurisdiction. *RAR,* 107 F.3d at 1276 (citing *McIlwee v. ADM Indus. Inc.,* 17 F.3d 222, 223 (7th Cir.1994)). In deciding a motion to dismiss for lack of personal jurisdiction, the court may receive and consider affidavits from both parties. *Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir.1987). The court resolves factual disputes in the pleadings and affidavits, but takes as true those facts contained in defendant's affidavits that remain unrefuted by the plaintiff. *Boese v. Paramount Pictures Corp.,* No. 93 C 5976, 1994 WL 484622, *2 (N.D.Ill. Sept.2, 1994).

 Illinois authorizes personal jurisdiction to the limit allowed under the due process clauses of the Illinois and United States Constitutions. *RAR,* 107 F.3d at 1276–77; *Dehmlow v. Austin Fireworks,* 963 F.2d 941, 945 (7th Cir.1992) (explaining that the amendment of the Illinois long-arm jurisdictional statute collapsed the statutory part of the personal jurisdiction analysis into one, constitutional inquiry). Thus, the inquiry is whether personal jurisdiction is permitted by (1) the due process clause of the Illinois Constitution and (2) the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. *RAR,* 107 F.3d at 1276. If jurisdiction is improper under either constitution, the court cannot exercise jurisdiction over the defendant. *Glass v. Kemper Corp.,* 930 F.Supp. 332, 338 (N.D.Ill.1996).

### 1. Illinois Due Process

 The Illinois Constitution contains a guarantee of due process that is separate and independent from the federal due process clause. Under the Illinois Constitution's guarantee of due process, "[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illi-

nois." *Rollins v. Ellwood,* 141 Ill.2d 244, 152 Ill.Dec. 384, 565 N.E.2d 1302, 1316 (1990). Unfortunately, with respect to personal jurisdiction, the Illinois courts have given little guidance as to how Illinois due process differs from federal due process.

Some Illinois courts have upheld personal jurisdiction—under the Illinois Constitution's due process clause—"over a non-resident corporate purchaser engaged in a commercial relationship with an Illinois corporation through the placing of purchase orders to the plaintiff in Illinois for products manufactured in Illinois." *RAR,* 107 F.3d at 1276 (citing *Autotech Controls Corp. v. K.J. Elec. Corp.,* 256 Ill.App.3d 721, 195 Ill.Dec. 526, 628 N.E.2d 990, 995–96 (1993)). On the other hand, some Illinois courts have found that merely entering into a contract with an Illinois resident is not enough to subject the nonresident party to personal jurisdiction in Illinois. *Mellon First United Leasing v. Hansen,* 301 Ill.App.3d 1041, 235 Ill.Dec. 508, 705 N.E.2d 121, 127 (1998) (finding that nonresident defendant was not subject to personal jurisdiction in Illinois because defendant (1) executed the contracts and obtained and used the equipment in California; (2) never came to Illinois; and (3) only had contact with Illinois through correspondence). In this case, defendants entered into a contract with an Illinois resident, after the Illinois resident solicited the defendants' business. Second, defendants obtained and used the equipment in New Jersey. Finally, defendants did not travel to Illinois, but dealt with plaintiff only by telephone, fax, or mail. Thus, it appears that defendants are not subject to personal jurisdiction under the Illinois due process. However, given the lack of guidance Illinois courts have provided in determining when it is "fair, just, and reasonable" to subject a nonresident defendant to personal jurisdiction in Illinois, the court will turn to the federal constitutional issue. *See RAR,* 107 F.3d at 1277 (finding no definitive state

law, the Seventh Circuit turned to federal due process law).

## 2. Federal Due Process

The Due Process Clause of the Fourteenth Amendment limits when a state court may assert personal jurisdiction over a nonresident defendant. *Id.* Federal due process requires that the defendants have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Courts have typically considered the due process analysis as a two-part inquiry: (1) the court must determine whether minimum contacts exist, and if so, (2) the court must determine whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *Tingstol Co. v. Rainbow Sales, Inc.,* 8 F.Supp.2d 1113, 1115 (N.D.Ill.1998).

Minimum contacts are those acts by which the defendant has "purposefully avail[ed] [himself] of the privilege of conducting activities within the forum," *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), such that he should "reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). If a defendant has purposefully availed himself of the privilege of conducting business within the state, he has enjoyed the benefits and protections of that state's laws such that jurisdiction over him satisfies due process. *Hanson,* 357 U.S. at 253, 78 S.Ct. 1228.

Subject to the limits of due process, a court may exercise two types of personal jurisdiction over an out-of-state defendant: general and specific. What the minimum contacts standard means in a particular case depends on whether the jurisdiction is general or specific. *RAR,* 107 F.3d at 1277.

### a. General jurisdiction

General jurisdiction arises when the nonresident defendant has "continuous and systematic general business contacts" with the forum state. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). This is a fairly high standard requiring a great amount of contacts. *Glass,* 930 F.Supp. at 338. In this case, plaintiff has not alleged that defendants have had such continuous and systematic contacts with Illinois. However, to the contrary, in their affidavits, defendants claim that (1) they have never lived in Illinois; (2) they have never done business in Illinois; (3) they have never had an office in Illinois; (4) they have never, prior to the contract with plaintiff, made purchases for the hotel from Illinois; (5) they have never owned property in Illinois; (6) they have never been liable for taxes in Illinois; and (7) they have never advertised, held a telephone listing or bank account in Illinois as individuals or for the hotel. (Affs. of William T. Juliano ¶¶ 5–8; William J. Juliano ¶¶ 5–8.) The court finds that defendants do not have sufficient contacts with Illinois to warrant exercising jurisdiction over them for matters unrelated to any contacts over the contract. Accordingly, the court finds it has no general jurisdiction over defendants.

### b. Specific jurisdiction

Specific jurisdiction arises when the defendants' contacts with the forum state are related to the controversy underlying the litigation. *RAR,* 107 F.3d at 1277 (citing *Helicopteros,* 466 U.S. at 414 n. 8, 104 S.Ct. 1868). In specific jurisdiction cases, the court must decide whether a defendant has " 'purposefully established minimum contacts within the forum State' and consider whether, by traditional standards, those contacts would make per-

sonal jurisdiction reasonable and fair under the circumstances." *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In a breach of contract action, "it is only the 'dealings between the parties in regard to the disputed contract' that are relevant to minimum contacts analysis." *Id.* at 1278 (citing *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.,* 75 F.3d 147, 153 (3rd Cir.1996)). "[A]n out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts." *Id.* at 1277 (citing *Burger King,* 471 U.S. at 474–75, 105 S.Ct. 2174).

Applying the above principles, the court finds that defendants have not purposefully established minimum contacts with Illinois sufficient to justify exercising specific jurisdiction over defendants. Plaintiff bears the burden of establishing personal jurisdiction yet the only "contact" that plaintiff alleges defendants have with Illinois is the contract. First, plaintiff initiated any dealings between the parties. Second, the contract was sent to New Jersey and was signed by the defendants in New Jersey. Further, the defendants never traveled to Illinois for negotiations or dealings with the plaintiff. In fact, there appears to have been very little contact between the parties prior to the execution of the contract. Finally, the subject goods of the contract—the bathtub units—were shipped to and installed, at least partially, in New Jersey. The only argument for personal jurisdiction is that the goods were manufactured in Illinois. However, while the units were manufactured in Illinois, they were not only delivered to New Jersey, but were also installed—*by the plaintiff*—in New Jersey. "The contract at issue in this case has no substantial connection with Illinois (other than [plaintiff's] location there which alone is insufficient to support jurisdiction)." *Id.*

at 1279. Thus, defendants' contacts with Illinois regarding this action do not warrant the court to exercise specific jurisdiction over the defendants.

Defendants' contacts with Illinois do not rise to the level of "minimum contacts" as required by the Due Process Clause of the Fourteenth Amendment.[1] Thus, the court finds that it has no personal jurisdiction over defendants. Accordingly, defendants' motion to dismiss for lack of personal jurisdiction is granted pursuant to Federal Rule of Civil Procedure 12(b)(2).

**B.** *Transfer of Venue Under § 1404(a)*

In order for the court to transfer this action to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a), venue must be proper in this court. 28 U.S.C. § 1404(a). Because the court does not have personal jurisdiction over defendants, venue is not proper in this court. *See* 28 U.S.C. § 1391(a)(3). However, if venue were proper in this court, this court would have transferred this case to the District of New Jersey for the following reasons: (1) venue is proper in New Jersey; (2) defendants' place of business is in New Jersey; (3) the bathtub units were delivered to New Jersey; (4) plaintiff or plaintiff's agent was to install the units in defendants' hotel in New Jersey; (5) the fire which damaged defendants' hotel—and may serve as a defense to the contract claim and a counterclaim against plaintiff—occurred in New Jersey; and (6) any witnesses with knowledge about the fire reside in New Jersey.

### III. *CONCLUSION*

For the foregoing reasons, defendants' motion to dismiss plaintiff's first amended complaint is granted.

---

1. Since the court has found that defendants did not have sufficient contacts with Illinois for the court to exercise either general or specific jurisdiction over them, the court need not engage in the second part of the federal due process analysis: whether exercising personal jurisdiction comports with fair play and substantial justice.