FMC CORPORATION, Plaintiff,

v.

TRIMAC BULK TRANSPORTATION SERVICES, INC., Universal Transport, Inc. and Quality Service Tank Lines, Inc., Defendants.

Trimac Bulk Transportation Services Inc., Universal Transport, Inc. and Quality Service Tank Lines, Inc., Defendants/Third–Party Plaintiffs,

v.

Del Camino Service Plaza And Truck Wash, L.L.C., C.C.L. Custom Manufacturing, Inc., Bulkmatic Transport Company and Proctor & Gamble Manufacturing Company, Third–Party Defendants.

No. 98 C 5894.

United States District Court, N.D. Illinois, Eastern Division.

May 8, 2000.

Robert J. Meyer, Jay Koehler, Swanson, Martin & Bell, Chicago, IL, for Plaintiff.

Hugh Moore, Denean K. Sturino, Lord, Bissell & Brook, Chicago, IL, for Third–Party Defendant Proctor & Gamble Manufacturing Co.

Martin A. Kanofsky, Michael J. Gilmartin, Merlo, Kanofsky & Brinkmeier, Ltd.,

Chicago, IL, for Third–Party Defendant C.C.L. Custom Manufacturing, Inc.

Guy Halpern, Johnson & Bell Ltd., Chicago, IL, for Defendants/Third–Party Plaintiffs Trimac Bulk Transportation, Inc., Universal Transport, & Quality Service Tank Lines, Inc.

Bruce C. Spitzer, Christopher A. Kreid, Marvin F. Metge, Metge, Spitzer & Kreid, Chicago, IL, for Third–Party Defendant Bulkmatic.

James J. O'Hagan, Morfia J. Komotos, O'Hagan, Smith & Amundsen, L.L.C., Chicago, IL, for Third–Party Defendant Del Camino.

## MEMORANDUM OPINION AND ORDER

DENLOW, United States Magistrate Judge.

This case is now before the Court on the motion of Third–Party Defendant Del Camino Service Plaza and Truck Wash, L.L.C. ("Del Camino") to dismiss Defendants/Third–Party Plaintiffs Trimac Bulk Transportation Services, Inc. ("Trimac Bulk"), Universal Transport, Inc. ("Universal"), and Quality Service Tank Lines, Inc.'s ("Quality") (collectively "Trimac") amended third-party complaint for lack of personal jurisdiction pursuant to Fed. R.Civ.P. 12(b)(2). This case raises the issue of whether a Colorado company subjects itself to the jurisdiction of an Illinois court by washing two trailers in Colorado for $110 which Trimac claims were improperly cleaned and later used to deliver contaminated goods to Illinois. For the following reasons, Del Camino's motion to dismiss is granted.

## I. BACKGROUND FACTS

Plaintiff FMC Corporation ("FMC") is a Delaware corporation with its principal place of business in Illinois. FMC is engaged in the manufacturing of various products, including agricultural and industrial chemicals. One of FMC's customers is Proctor & Gamble Manufacturing Corporation ("P & G"), a Missouri corporation with offices in Illinois. FMC had a contract to supply P & G with a chemical, sodium tripolyphosphate ("STPP"), which P & G uses in manufacturing its popular Cascade Gel.

The Defendants/Third–Party Plaintiffs Trimac are all foreign corporations engaged in the distribution business, including the distribution of chemicals such as STPP. Trimac Bulk is an Alabama corporation, Universal is a South Dakota corporation, and Quality is a Texas corporation. In connection with its contract with P & G, FMC retained the services of Trimac to ship the STPP from Green River, Wyoming to Niles, Illinois.

Del Camino is a Colorado corporation which services trucks and washes the interiors and exteriors of trucks and tankers. It has only one place of business, which is located in Longmont, Colorado. On February 27, 1997, in connection with its contract with FMC, Trimac retained the services of Del Camino to wash the two tanker trailers that Trimac later used to deliver the STPP to P & G. Del Camino washed the trailers at its Longmont facility and billed Trimac at its Longmont, Colorado location. The total fee was $110.00.

After the cleaning, Trimac loaded the tankers with the STPP and delivered it to FMC in Illinois. FMC later discovered that the STPP was contaminated with calcium carbonate. FMC thereafter filed suit against Trimac alleging that the source of the contamination was Trimac's tanker trailers and seeking $291,533.87 in damages resulting from the contamination as lost production, contaminated product, damaged equipment, and cleanup costs. Trimac in turn filed a third-party complaint against Del Camino seeking contribution. Trimac alleges that any contamination stemming from the tanker trailers was a result of Del Camino's negligence or Del Camino's breach of contract in failing to properly clean the two trailers.

## II. ESTABLISHING PERSONAL JURISDICTION

 In a case based upon diversity of citizenship, a federal court sitting in Illinois has personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction. *RAR Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1275 (7th Cir.1997). Under Illinois law, the plaintiff bears the burden of establishing personal jurisdiction. *RAR,* 107 F.3d at 1276; *McIlwee v. ADM Indus., Inc.,* 17 F.3d 222, 223 (7th Cir.1994). In ruling on a motion to dismiss for lack of personal jurisdiction, the court may receive and consider affidavits from both parties but all factual conflicts are resolved in favor of the party asserting jurisdiction. *Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir.1987).

 Pursuant to the Illinois long-arm statute, an Illinois court "may also exercise jurisdiction on any other basis now or hereinafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2–209(c). Therefore, the Illinois long-arm statute permits the exercise of personal jurisdiction to the limits allowed under the due process clause of the Illinois Constitution and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *RAR,* 107 F.3d at 1276–1277; *Jamik, Inc. v. Days Inn of Mount Laurel,* 74 F.Supp.2d 818, 821 (N.D.Ill.1999). Thus, in determining whether exercising personal jurisdiction over a nonresident defendant falls within the bounds of due process, the Court must ensure that the requirements of both the federal and state constitutions are satisfied. *RAR,* 107 F.3d at 1276.

## A. ILLINOIS DUE PROCESS

 The Illinois due process guarantee is not necessarily coextensive with federal due process protections. *Id.* at 1276. Under the due process clause of the Illinois Constitution, "jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Id.* (quoting *Rollins v. Ellwood,* 141 Ill.2d 244, 152 Ill.Dec. 384, 565 N.E.2d 1302, 1316 (1990)). Unfortunately, the Illinois courts have not provided much guidance in how this due process guarantee differs from the Due Process Clause of the Federal Constitution. *Id.; Jamik,* 74 F.Supp.2d at 821.

In its brief and at oral argument, Trimac relies on *Lichon v. Aceto Chemical Co.,* 182 Ill.App.3d 672, 131 Ill.Dec. 238, 538 N.E.2d 613 (1989), to argue that jurisdiction in this case would be within the bounds of the Illinois Constitution's guarantee of due process. In *Lichon,* the plaintiff, an Illinois resident, filed suit for personal injuries sustained when he came into contact in Illinois with a hazardous chemical that the defendant, a nonresident chemical company, was shipping from New Jersey to Iowa. The defendant in turn filed a third party action for contribution against the English chemical company which manufactured the chemical and shipped it to New Jersey, alleging that the English company was negligent in not properly packaging the chemical. The *Lichon* court concluded that the due process clause allows courts to exercise jurisdiction more readily when the defendant has placed a hazardous product into the stream of commerce. See *id.* at 617–21. However, the court concluded that the burden on the English company of defending itself in Illinois outweighed the interests of Illinois in refereeing a third-party dispute between two nonresident parties and, therefore, held that the court lacked personal jurisdiction. *Id.* at 622–23.

Trimac's reliance on *Lichon* is misplaced. Del Camino has not placed a hazardous product into a stream of commerce. In fact, Del Camino has not placed any product into the stream of commerce. At best, Del Camino failed to take a *nonhazardous* product out of the stream of commerce if it is found to have been negligent

in washing the tanker trailers. Moreover, the Court notes that it is being called upon here, as was the Illinois court in *Lichon*, to referee a dispute between two nonresident corporations. Therefore, the court is not persuaded by Trimac's argument that *Lichon* allows for personal jurisdiction under the Illinois constitution. However, given the lack of guidance and "scant [Illinois] case law with which to work," *RAR*, 107 F.3d at 1276, in determining the limits of the due process guarantee afforded by the Illinois Constitution, the Court will turn to the federal constitutional issue.

## B. FEDERAL DUE PROCESS

■ Federal due process permits the exercise of personal jurisdiction only where the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). What that standard means in a particular case depends upon whether the state asserts "general" or "specific" jurisdiction. *RAR*, 107 F.3d at 1277.

### 1. General Jurisdiction.

■ General jurisdiction is found in suits where the defendant has "continuous and systematic general business contacts" with the forum state. *Id.* Trimac has never alleged that Del Camino has such continuous and systematic contacts with Illinois. Therefore, Trimac has waived any general jurisdiction argument. *Id.; Jamik*, 74 F.Supp.2d at 822. Therefore, the Court will focus on specific jurisdiction.

### 2. Specific Jurisdiction.

■ Specific jurisdiction is found over a defendant in a "suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR*, 107 F.3d at 1277 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). In specific jurisdiction cases, the Court must determine if the defendant "purposefully established minimum contacts within the forum State" and consider whether, by traditional standards, those contacts make personal jurisdiction reasonable and fair under the circumstances. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). A critical inquiry is whether there is a showing that the defendant "should reasonably anticipate being haled into court [in the forum state]," *Id.* at 474, 105 S.Ct. 2174, because "there is some act by which the defendant purposefully avails himself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its law." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). "In a breach of contract case, it is only the 'dealings between the parties in regard to the disputed contract' that are relevant to minimum contacts analysis." *RAR Inc.*, 107 F.3d at 1277.

■ In addition, in determining whether it is reasonable to require the nonresident defendant to litigate in the forum state, the court should consider several factors such as the relative interests of the parties, the forum's interest in litigating the dispute, and the interest of the interstate judicial system in obtaining the most efficient resolution of disputes. See *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174.

## III. THERE IS NO PERSONAL JURISDICTION OVER DEL CAMINO

■ Applying the principles above to the case at bar, Trimac has not alleged sufficient facts to allow this Court to assert personal jurisdiction over Del Camino consistent with constitutional due process. Del Camino does not have the requisite "minimum contacts" with Illinois: it sells no goods in Illinois; it is not licensed to do business in Illinois; it has no place of business, nor any employees in Illinois; it

does not advertise or solicit business in Illinois. Therefore, Del Camino has not purposefully availed itself of the privileges and benefits of the laws of Illinois.

Moreover, looking to the fairness of the matter, it is unreasonable to require Del Camino to defend itself in Illinois because of this transaction. Trimac brought its tanker trailers to Del Camino in Colorado for a wash. Trimac was billed in Colorado. Del Camino agreed and for a fee of $110 has found itself exposed to a possible liability of more than a quarter-million dollars. It is unfair to force Del Camino to defend itself against this possibility in a state with which it has no minimum contacts and which has little interest in refereeing a dispute between nonresident corporations.

Therefore, the Court grants Del Camino's motion to dismiss for lack of personal jurisdiction on the following conditions: (1) Del Camino voluntarily agrees not to raise the statute of limitations as a defense in a case in Colorado if the limitations period has run since the filing of this lawsuit; and (2) Del Camino agrees to allow Trimac to file suit for contribution in Colorado on or before July 27, 2000, following this Court's decision in connection with Trimac's motion to dismiss FMC's amended complaint. These conditions are appropriate in light of the fact that no further litigation will be required if Trimac's motion to dismiss the amended complaint is granted. Furthermore, the Court is hesitant to transfer the third party action against Colorado when there is the possibility that the need for litigation will no longer exist if Trimac's motion is granted. These conditions allow this case to be determined on the merits in the event that Trimac's motion to dismiss the amended complaint is not granted and further litigation between Trimac and Del Camino remains necessary. In the event that Del Camino does not immediately and voluntarily agree to abide by the conditions imposed by this order, Trimac should promptly take appropriate steps to ensure itself of its day in court. See, e.g., *In re*

*Marriage of Noon*, 735 P.2d 884 (Colo.App. 1986) (Court lacked jurisdiction to enter judgment for attorney's fees where it lacked personal jurisdiction over parties).

## IV. CONCLUSION

**For the foregoing reasons, Del Camino's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) is granted, without prejudice, subject to the conditions discussed above and set forth in this Court's minute order of April 25, 2000.**