**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0865n.06
Filed: November 29, 2006

**No. 05-4072**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

PREFERRED CAPITAL, INC.,            )
                                    )        ON APPEAL FROM THE
    Plaintiff-Appellant,        )        UNITED STATES DISTRICT
                                    )        COURT FOR THE
    v.                          )        NORTHERN DISTRICT OF
                                    )        OHIO
AETNA MAINTENANCE, INC.,            )
                                    )
    Defendant-Appellee.         )

_____

BEFORE: GILMAN and GRIFFIN, Circuit Judges; and HEYBURN, Chief District Judge.[*]

PER CURIAM. In this diversity action stemming from the alleged breach of an equipment rental agreement, plaintiff-appellant Preferred Capital, Inc. ("PCI") appeals the order of the magistrate judge granting defendant-appellee Aetna Maintenance, Inc.'s ("Aetna") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The present case centers on the validity of a forum selection clause in the rental agreement, which the magistrate judge found to be unjust and invalid. Because we have recently addressed precisely the same issue in *Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718 (6th Cir. 2006), a case involving the same plaintiff, same forum selection clause, and analogous circumstances, and held that the forum selection clause is in fact valid and enforceable, our decision in *Associates in Urology* is

_____

[*]The Honorable John G. Heyburn II, Chief United States District Judge for the Western District of Kentucky, sitting by designation.

dispositive of the present matter. We therefore conclude that the district court erred in granting Aetna's motion to dismiss for lack of jurisdiction, and reverse and remand for further proceedings consistent with this opinion.

Aetna is a Florida corporation that, in February 2004, entered into an equipment rental agreement (the "agreement") with non-party NorVergence, Inc., a New Jersey corporation, for the rental of certain telecommunications equipment. Aetna agreed to make monthly payments for a term of sixty months and received and accepted delivery of the equipment, consisting of software purportedly designed to reduce Aetna's overall telecommunications expenses. The agreement allowed NorVergence to sell, assign, or transfer all or any part of the agreement to an assignee. Unbeknownst to Aetna at the time it executed the agreement, NorVergence already had in place a Master Program Agreement ("MPA") with PCI, an Ohio corporation, pursuant to which NorVergence agreed to assign newly acquired rental agreements to PCI. On February 4, 2004, the day after NorVergence signed the agreement with Aetna, Aetna was given notice that the agreement had been assigned to PCI, with all payments to be made directly to that company at its Brecksville, Ohio, business address. All other terms and conditions of the agreement remained unchanged.

In July 2004, NorVergence was forced into Chapter 11 bankruptcy protection and thereafter ceased to provide services. PCI, however, continued to seek and enforce payments under the agreement, despite the cessation of services, and, when Aetna failed or refused to make such payments, PCI filed this action alleging breach of the agreement in Ohio state court. The case was thereafter removed by Aetna to federal court.

On May 5, 2005, Aetna filed a motion to dismiss, alleging, in pertinent part, that PCI's complaint should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Aetna argued that the forum selection clause in the agreement, specifying that the law of the state of incorporation of the equipment lease assignee should apply, was void and unenforceable. The agreement provided in this regard:

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. You hereby waive a right to a trial by jury in any lawsuit in any way relating to this rental.

In its motion to dismiss, Aetna complained that enforcement of the forum selection clause would be patently unreasonable and unjust because it did not identify a specific forum or jurisdiction where Aetna may be subject to suit; consequently, its vague terms were insufficient to render the clause enforceable. Aetna further argued that it had no notice that it would be required to defend in Ohio and no opportunity to negotiate the terms of the forum selection clause. Finally, Aetna maintained that litigation in the forum of Ohio would be inconvenient and cost prohibitive.

In an opinion and order dated June 14, 2005, the magistrate judge found the forum selection clause to be unjust and unenforceable and granted Aetna's motion to dismiss for lack of personal jurisdiction.

NorVergence's lease agreements and ensuing bankruptcy have spawned a multitude of lawsuits not only in Ohio, where PCI is located, but in other states as well, where other assignees

have their principal offices. A consistent topic in these suits is the validity of the standard forum selection clause in the equipment lease agreements and the concomitant issue of personal jurisdiction. In one such case, *Preferred Capital, Inc v. Power Engineering Group, Inc.*, 163 Ohio App. 3d 522, 2005-Ohio-5113, 839 N.E.2d 416 (Ohio Ct. App. Sept. 28, 2005), *appeal allowed* 108 Ohio St. 3d 1471, 2006-Ohio-665, 842 N.E.2d 1052 (Ohio Feb. 22, 2006), the Ohio Supreme Court has granted review to consider the enforceability of the same NorVergence forum selection clause at issue herein.

The federal courts, too, have entertained suits emanating from the alleged breach of these NorVergence lease agreements. On June 27, 2006, we issued a stay in the present case pending this court's decision in *Associates in Urology*, an appeal involving the same plaintiff (PCI), the standard NorVergence rental agreement and identical forum selection clause, and a comparable jurisdictional challenge to that clause by a different defendant, Associates in Urology, a medical practice group with its principal place of business in Pennsylvania.

On July 12, 2006, this court released its opinion in *Associates in Urology*, concluding that the forum selection clause was valid and enforceable under both federal and Ohio law. We first noted that, "unless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to *agree to inclusion of that clause* in a contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." *Assocs. in Urology*, 453 F.3d at 722 (quoting *Moses v. Bus. Card Express*, 929

F.2d 1131 (6th Cir. 1991)).  Finding no evidence of fraud, misrepresentation, or overreaching, the

*Associates in Urology* court opined:

> Defendant is a commercial entity, and should have realized the implications of agreeing to the inclusion of a forum selection clause that did not identify an assignee or specified jurisdiction.  Having failed to object to the terms of the forum selection clause, Defendant now claims that it is disadvantageous for it to have to litigate this case in Ohio.  While Defendant may be dissatisfied with the litigation forum, it is not our task to save Defendant from the consequences of an agreement it freely entered into.
>
> We also do not agree with the contention of the district court and Defendant that Defendant had no notice that it could face litigation in Ohio.  Not only did Defendant expressly agree to submit to jurisdiction anywhere in the country, including Ohio, Defendant was also given written notice of the assignments on May 11, 2004, the day after the agreements were executed.  The letters providing notice identified Plaintiff as the assignee and listed Plaintiff's business address as Brecksville, Ohio.  Given the terms of the forum selection clause in the agreements that Defendant signed, Defendant was indeed on notice practically from the inception of the agreements that any disputes would be litigated in Ohio, where the offices of Plaintiff-assignee are located.

*Id.* at 723-24.

In sum, given the dearth of evidence demonstrating that enforcement of the forum selection clause would be unreasonable or unjust, we concluded that the forum selection clause was valid and enforceable and thus reversed the district court's order granting the defendant's motion to dismiss for lack of personal jurisdiction.[1]

---

[1]The Seventh Circuit Court of Appeals has reached the same conclusion, using the same rationale, in yet another case involving a NorVergence lease agreement and forum selection clause. *See IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 437 F.3d 606 (7th Cir. 2006).

Our decision in *Associates in Urology* is dispositive of the present case, the circumstances of which are not materially distinguishable. We therefore reverse the order of the magistrate judge dismissing the case for lack of personal jurisdiction and remand for further proceedings consistent with this opinion. Our decision does not preclude the district court revisiting the issue in the event that the Ohio Supreme Court rules to the contrary in the appeal currently pending before it in *Power Engineering Group, Inc.*

Reversed and remanded for further proceedings consistent with this opinion.