NATURAL GAS PIPELINE COMPANY OF AMERICA, Plaintiff-Appellant
and Cross-Appellee, v. MOBIL ROCKY MOUNTAIN, INC., Defendant-Appellee and Cross-Appellant.

First District (1st Division)   No. 85—2925

Opinion filed December 29, 1986.—Modified on denial of rehearing May 26,
1987.

Robert A. Helman, Theodore Livingston, Jonathan C. Medow, and Susan T. Pierce, all of Mayer, Brown & Platt, of Chicago (Joseph M. Wells, Paul E. Goldstein, Jerome Mrowca, and Barbara A. Gustafson, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Fred E. Schulz, Ruth E. Van Demark, and Timothy J. Boeglin, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

This appeal involves a natural gas purchase contract between Natural Gas Pipeline Company (Natural), a Delaware corporation that buys and transports natural gas, and Mobil Rocky Mountain, Inc. (Mobil), a Delaware corporation that sells and produces natural gas. Mobil has its headquarters in Denver, Colorado, and is not licensed to do business in Illinois and maintains no offices, facilities, properties, assets or employees in Illinois. Natural is a wholly owned subsidiary of MidCon Corporation headquartered in Lombard, Illinois, and maintains an office in Texas.

The contract was negotiated and signed outside of Illinois. Mobil was not an original party to the contract. It first acquired an interest in the contract by means of a partial assignment from Anschutz, the original party to the contract, on July 28, 1982. Natural was not a party to the negotiation or execution of the assignment and received official notification of it three months later in Houston, Texas, as specified in the contract.

At the time the original contract was entered into, natural gas was in short supply and the price was high. Since that time the price has fallen dramatically; the contract price now exceeds the prevailing market price. Because of this price disparity, Natural brought a declaratory judgment action disputing the quantity term in the contract. Mobil moved to quash service of process contending that the circuit court of Cook County lacked *in personam* jurisdiction over it.

The circuit court granted Mobil's motion to quash service of process and ordered the action dismissed. In addition, the court held that "exercise of jurisdiction over Mobil in the cause meets all constitutional requirements, and that the natural gas sold by Mobil pursuant to the March 12, 1981 gas purchase contract executed by Mobil and Natural has a substantial economic impact on commerce in Illinois."

Both parties have appealed. Natural argues on appeal that the

trial court incorrectly quashed service of process and dismissed its action because Mobil was "transacting business" or "doing business" in Illinois. Mobil argues on appeal that the trial court erred in holding that the potential exercise of jurisdiction over Mobil would meet all constitutional requirements and that the natural gas sold by Mobil has a substantial economic impact on commerce in Illinois.

I

■ The "doing business" standard is quite high and requires a showing "that the corporation is conducting business in Illinois 'of such a character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served.' " (*Cook Associates, Inc. v. Lexington United Corp.* (1981), 87 Ill. 2d 190, 201, 429 N.E.2d 847, 851; see also *Kogan v. Longstreet* (N.D. Ill. 1974), 374 F. Supp. 47, 50.) Once the doing business standard is satisfied, the defendant is deemed a resident of Illinois and may be sued on causes of action both related and unrelated to its Illinois activities. *Cook Associates, Inc. v. Lexington United Corp.* (1981), 87 Ill. 2d 190, 200, 429 N.E.2d 847.

In support of its argument that Mobil is "doing business" in Illinois, Natural relies primarily on *Connelly v. Uniroyal, Inc.* (1979), 75 Ill. 2d 393, 389 N.E.2d 155, *cert. denied* (1980), 444 U.S. 1060, 62 L. Ed. 2d 738, 100 S. Ct. 992. *Connelly* held that the profit-making activities of an out-of-State manufacturer in Illinois invokes the benefits of the forum State so that when its goods cause injury because of a defect, the Illinois court will hold the defendant amenable to service of process.

The defendant, Uniroyal, manufactured and sold tires in Belgium. Opel, a subsidiary of General Motors, bought Uniroyal's tires and installed them on cars that it then shipped to the United States for distribution in Illinois and elsewhere. The dispute arose when one of Uniroyal's tires, that Opel had installed, exploded and injured the plaintiff in Illinois. Plaintiff filed a products liability suit, alleging that its defective tires caused his injuries.

Uniroyal challenged Illinois' jurisdiction on the grounds that its principal place of business was located outside of Illinois, that it was not registered to do business in Illinois, that it neither employed agents nor owned property in Illinois, and that it sold nothing in Illinois directly. The supreme court was not persuaded by these arguments, finding instead that the defendant had sufficient contacts with Illinois to justify an exercise of jurisdiction. The court reasoned:

"A manufacturer engages in economic activity within a state

as a matter of 'commercial actuality' whenever the purchase or use of its product within the state generates gross income for the manufacturer and is not so fortuitous or unforeseeable as to negative the existence of an intent on the manufacturer's part to bring about this result. [Citations.]

A manufacturer's economic relationship with a state does not necessarily differ in substance, nor should its amenability to jurisdiction necessarily differ, depending upon whether it deals directly or indirectly with residents of the state. 'With the increasing specialization of commercial activity and the growing interdependence of business enterprises it is seldom that a manufacturer deals directly with consumers in other States. The fact that the benefit he derives from [their] laws is an indirect one, however, does not make [those laws] any the less essential to the conduct of his business; and it is not unreasonable, where a cause of action arises from alleged defects in his product, to say that the use of such products in the ordinary course of commerce is sufficient contact with [such states] to justify a requirement that he defend [there].' (*Gray v. American Radiator & Standard Sanitary Corp.* [(1961), 22 Ill. 2d 432, 442].)

A manufacturer whose products pass through the hands of one or more middlemen before reaching their ultimate users cannot disclaim responsibility for the total distribution pattern of the products. If the manufacturer sells its products in circumstances such that it knows or should reasonably anticipate that they will ultimately be resold in a particular state, it should be held to have purposefully availed itself of the market for its products in that state." 75 Ill. 2d 393, 404-06, 389 N.E.2d 155, 160, quoting *Buckeye Boiler Co. v. Superior Court* (1969), 71 Cal. 2d 893, 902, 458 P.2d 57, 64, 80 Cal. Rptr. 113, 120.

Plaintiff argues that, like the defendant in *Connelly*, Mobil has indirectly exploited the Illinois market and thereby invoked the protections of Illinois law and accordingly may be subjected to the jurisdiction of this forum. This argument misses the mark. Natural has not cited, nor have we found, any decisions where the court extended *Connelly* to a contract action, such as the instant case.

In *Stephens v. Northern Indiana Public Service Co.* (1980), 87 Ill. App. 3d 961, 969, 409 N.E.2d 423, 429, the court distinguished *Connelly* noting that it applied only to cases where jurisdiction is based on the fact that the cause of action arose directly from a defective

product which caused injury. Moreover, the two cases that *Connelly* relied on, *Gray v. American Radiator & Standard Sanitary Co.* (1961), 22 Ill. 2d 432, 442, 176 N.E.2d 761, 766, and *Buckeye Boiler Co. v. Superior Court* (1969), 71 Cal. 2d 893, 902, 458 P.2d 57, 64, both found that an exercise of jurisdiction was proper because a significant number of defendant's products were sold in the forum State and one of them caused injury giving rise to the cause of action. For *Connelly* to apply, the sale of a defendant's product must generate substantial revenues, and a defect in the product must cause injury giving rise to a cause of action.

Turning to the case at bar, unlike *Connelly*, this is a contract action; the gas did not cause any injury and is collateral to the issues in dispute. Assuming, *arguendo*, that sale of defendant's gas in Illinois by Mobil generated substantial revenues, this is not enough to satisfy *Connelly*.

■ Defendant never conducted business within Illinois, nor did it maintain offices or employees here. Furthermore, it never solicited business in Illinois. It merely sold gas to an Illinois resident for distribution in Illinois and presumably elsewhere. Such business activities do not demonstrate that defendant is doing business so that it may be deemed a resident of Illinois. (See *Cook Associates, Inc. v. Lexington United Corp.* (1981), 87 Ill. 2d 190, 201, 429 N.E.2d 847, 852.) We are not persuaded that by merely delivering gas to a forum plaintiff outside of Illinois pursuant to one contract Mobil has "purposefully availed itself of the market for its products" in Illinois. The trial court correctly concluded that Mobil was not doing business in Illinois for purposes of jurisdiction.

II

■ Next, Natural argues that the Illinois long-arm statute (Ill. Rev. Stat. 1983, ch. 110, par. 2—209) confers jurisdiction on this forum. The relevant part of the statute states as follows:

> "(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this State." Ill. Rev. Stat. 1983, ch. 110, par. 2—209(a)(1).

Natural raises two arguments that Mobil "transacts business" in Illinois within the meaning of section 2—209(a)(1). First, it argues that

Mobil's course of performance under the contract constitutes a transaction of business. Second, Natural argues that Mobil "directly dealt" with it and "initiated the steps leading to its present contractual ties" thereby "transacting business" in Illinois.

With respect to Natural's first argument, it is settled law in Illinois "that [a] contract with an Illinois plaintiff performed entirely from outside Illinois does not constitute sufficient contact to give jurisdiction to Illinois." (*City of East Moline v. Bracke, Hayes & Miller* (1985), 133 Ill. App. 3d 136, 141, 478 N.E.2d 637; *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131; *Eagles Food Sales v. Dough Delight Ltd.* (N.D. Ill. 1984), 585 F. Supp. 1405.) In the case before us, the contract called for Mobil to deliver the gas to Natural in Wyoming, where title passed. None of Mobil's performance under the contract took place in Illinois. Thus, the course of performance between Natural and Mobil does not constitute a transaction of business sufficient to give jurisdiction to Illinois.

■ Finally, Natural argues that Mobil directly dealt with it and initiated the course of dealings that resulted in a contract between the parties. This argument is specious; Mobil never dealt with Natural. Mobil was merely an assignee of the original contract that was negotiated and signed by Anschutz.

In an attempt to show that it dealt indirectly with Mobil, Natural argues that Anschutz wrote to it on behalf of Mobil to release a mortgage on land that Anschutz later assigned to Mobil. This argument fails because the record does not support the inference that Anschutz was acting as an agent for Mobil. Accordingly, it does not appear that Mobil dealt with Natural through Anschutz.

Any other correspondence between Natural and Mobil took place after the assignment was completed. Such contacts are not sufficient for jurisdictional purposes. (*Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131; *Artoe v. Mann* (1976), 36 Ill. App. 3d 204, 343 N.E.2d 647.) Therefore, the course of dealings and performance between the parties do not constitute a transaction of business sufficient to support long-arm jurisdiction over Mobil.

### III

■ The test for personal jurisdiction in Illinois has two steps. (*R. W. Sawant & Co. v. Allied Programs* (1986), 111 Ill. 2d 304, 311, 489 N.E.2d 1360, 1364; see *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 427 N.E.2d 1203.) A court must first determine whether the doing business standard or the long-arm statute is satis-

fied. (See *Cook Associates, Inc. v. Lexington United Corp.* (1981), 87 Ill. 2d 190, 429 N.E.2d 847; *AM International Leasing Corp. v. National Council of Negro Women* (N.D. Ill. 1986), 637 F. Supp. 1302, 1305.) A court need only consider whether *in personam* jurisdiction violates the due process clause if it has a basis under State law to exercise jurisdiction. *AM International Leasing Corp. v. National Council of Negro Women* (N.D. Ill. 1986), 627 F. Supp. 1302, 1305.

Mobil argues on appeal that the trial court erred in holding that the exercise of jurisdiction over it meets all constitutional requirements. Since we have already concluded that Mobil's contacts with Illinois do not satisfy the doing business standard or the provisions of the long-arm statute, it is unnecessary to consider the constitutional issues that Mobil raises in its appeal. The findings of the trial court concerning this issue were unnecessary to its decision below and, as stated, a resolution of that issue is unnecessary to our decision on appeal. Therefore, we do not express any opinion as to the merits of the argument.

IV

Finally, Mobil contends that the trial court erred in holding that its activities had a substantial economic impact on commerce in Illinois. Assuming, *arguendo*, that this holding was erroneous, it has no bearing on the outcome of this case since this matter would only be relevant if this court had found it necessary to consider the constitutional issue of due process. However, inasmuch as we do not find this issue material to our determination, we also do not find it necessary to disturb the trial court's holding on appeal. *Store v. La Salle National Bank* (1983), 118 Ill. App. 3d 39, 454 N.E.2d 1060; *Haas v. Cravatta* (1979), 71 Ill. App. 3d 325, 389 N.E.2d 226.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

QUINLAN, P.J., and O'CONNOR, J., concur.