No. 1-06-3718

Filed: 6-29-07
FIRST DIVISION

COMMERCIAL COIN LAUNDRY SYSTEMS,   )   Appeal from the
                                             )   Circuit Court of
        Plaintiff-Appellee,         )   Cook County.
                                             )
                                           )
       v.                            )   No. 06 M1 158422
                                           )
                                           )
LOON INVESTMENTS, LLC.,          )   Honorable
                                           )   Michael T. Healy,
        Defendant-Appellant.    )   Judge Presiding.

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Plaintiff, Commercial Coin Laundry Systems, is an Illinois general partnership engaged in the business of installing and maintaining commercial laundry equipment in multiple- unit apartment buildings. Defendant, Loon Investments, LLC., is a Wisconsin limited liability company and the current owner of the apartment building located at 1657 South 17th Street in Milwaukee, Wisconsin (the property). Plaintiff had signed an agreement with the prior owner of the property for the purpose of installing and maintaining laundry equipment there. As the result of alleged vandalism and theft of laundry equipment on the property, plaintiff sued defendant alleging breach of contract, damage to personal property and conversion. Defendant moved to dismiss for lack of personal jurisdiction, and the circuit court of Cook County denied the motion. For the reasons set forth below, we reverse.

BACKGROUND

On August 4, 1988, plaintiff signed a written lease agreement with Ruth Kuehn, who was

then the owner of the subject property, which has 29 apartments. Plaintiff leased the laundry areas in order to install and operate coin-operated laundry machines for use by tenants. In return for use of the laundry areas, plaintiff agreed to pay the lessor 15% of the coin receipts from the machines, and an additional $1,600 flat fee to reimburse the lessor for improvements to the laundry areas. Plaintiff alleged that it prepared and negotiated the lease from its offices in Chicago.

The lease stated that title of the machines remained with plaintiff and that "lessor does not assume any responsibility for any loss, damage or destruction of said laundry equipment by fire, theft or any other casualty beyond lessor's reasonable control or prevention." The lessor was responsible for "all janitorial and housekeeping services for the laundry room and equipment" and warranted that "the premises have adequate utilities and proper venting and there will be no building code violations which adversely affect" plaintiff's ability to run laundry machines.

The lease was for "a term of 10 years commencing August 30, 1988." However, the lease stated that it "shall continue for additional ten year terms unless terminated in writing by either lessee or lessor." The parties agree that, pursuant to this renewal provision, the lease did renew after the expiration of the first term on August 30, 1998. The second term is in effect and continues until August 30, 2008.

The lease provided that it was binding on future owners of the property:

"This Lease Agreement shall be binding upon and shall inure to the

benefit of the lessor and the lessee and their respective successors

2

and assigns, including any future owners, beneficiaries or lessee of the Building, it being the intention of the parties that the interest granted to lessee herein shall run with the land and building."

The lease had a choice-of-law provision, which stated: "This agreement shall be governed by the laws of the State of Illinois." The lease also provided that "[t]he Lease shall not take effect until accepted by lessee at the office of lessee in Chicago, Illinois."

On September 1, 1999, defendant acquired the building. Plaintiff filed suit in Cook County, Illinois, against defendant alleging counts for breach of contract, damage to personal property and conversion. The complaint alleged that "beginning very shortly after defendant acquired the building and continuing up to the present time, [plaintiff] has suffered repeated acts of vandalism, break-ins, and theft of its laundry equipment." The alleged incidents included "coin boxes being broken into, washer hoses disconnected, electrical cords cut, concrete poured into the washers, and oil poured into the dryers." On February 13, 2006, plaintiff "discovered that all of its laundry machines had been stolen from each of the laundry rooms."

Plaintiff alleged that prior to defendant's acquisition of the building, it had experienced no incidents of vandalism or theft there. However, after defendant's acquisition, plaintiff has been forced to replace its laundry machines on four occasions. Plaintiff alleged that tenants had informed its agent that defendant's maintenance man had intentionally cut the electrical cords on all of its laundry machines.

In addition to the incidents of theft and vandalism, plaintiff also alleged utility problems, such as "blown fuses, drainage problems in the laundry room, water shut off to the laundry room,

3

no electricity for the equipment, no lights in a laundry room and no electricity for a laundry room." Plaintiff alleged that it had experienced no utility problems prior to defendant's acquisition and that it contacted defendant repeatedly asking defendant to provide adequate security and utilities but defendant never did so.

In response to the complaint, defendant filed a motion to dismiss for lack of personal jurisdiction. In support of its motion, defendant submitted the affidavit of Daryl Nirode, who stated that he was the "Controller" of defendant, which is a Wisconsin limited liability corporation with its principal place of business in Milwaukee. Nirode stated that defendant did not own or manage any property within Illinois, that it did not conduct any business in Illinois and that it had no offices or employees in Illinois..

In response, plaintiff submitted the affidavit of S. Saul Silverstein, who stated that he was a general partner of plaintiff, which is an Illinois general partnership with its office in Chicago, Illinois. Silverstein stated that plaintiff calculates and pays the rent due under the lease and administers its laundry equipment service from its offices in Chicago and that defendant has accepted rent payments from plaintiff for years.

On November 29, 2006, the trial court denied defendant's motion. The order did not make factual findings or identify the section of the jurisdictional statute pursuant to which the court was exercising jurisdiction over the defendant. On December 28, 2006, plaintiff petitioned this court for leave to appeal, which was granted. For the following reasons, we reverse.

ANALYSIS

"When the circuit court decides a jurisdictional question solely on the basis of

4

documentary evidence, as it did in this case, the question is addressed de novo on appeal." Rosier v. Cascade Mountain, Inc., 367 Ill. App. 3d 559, 561 (2006); Alderson v. Southern Co., 321 Ill. App. 3d 832, 846 (2001). "The plaintiff bears the burden of establishing a prima facie basis upon which jurisdiction over an out-of-state resident may be exercised." Rosier, 367 Ill. App. 3d at 561; Alderson, 321 Ill. App. 3d at 846; Khan v. Van Remmen, Inc., 325 Ill. App. 3d 49, 53-54 (2001).

Section 2-209 of the Code of Civil Procedure (735 ILCS 5/2-209 (West 2004)) sets forth when Illinois courts will exercise personal jurisdiction over a defendant. Subsection 2-209(a), which governs specific jurisdiction, lists 14 grounds by which a defendant may subject itself to Illinois jurisdiction. 735 ILCS 5/2-209(a)(1) through (a) (14) (West 2004). Subsection 2-209(b), which governs general jurisdiction, lists four grounds, only two of which apply to corporations: "(3) *** a corporation organized under the laws of this State; or (4) *** [a] corporation doing business within this State." 735 ILCS 5/2-209(b)(3), (b) (4) (West 2004). Subsection 2-209(c) is a "catch-all provision" which permits Illinois courts to " 'exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.' " Rosier, 367 Ill. App. 3d at 561, quoting 735 ILCS 5/2-209(c) (West 2004). Subsection 2-209(c) permits an Illinois court to exercise personal jurisdiction to the extent permitted by the due process clause of the fourteenth amendment to the United States Constitution. Klump v. Duffus, 71 F.3d 1368, 1371 (7th Cir. 1995) (Illinois long-arm statute was amended in 1989 to add subsection 2-209(c), which is "coextensive with the due process requirements of the United States Constitution").

An exercise of jurisdiction under any of these three subsections must also comport with the due process clause. The due process clause limits a state's exercise of personal jurisdiction over a nonresident defendant to those instances where the defendant had at least "minimum contacts" with the state. Rosier, 367 Ill. App. 3d at 561. This court recently described the minimum contacts standard as follows:

> "The minimum contacts standard ensures that 'requiring the out-of-state resident to defend in the forum does not " 'offend traditional notions of fair play and substantial justice.' " [Citation.] The minimum contacts analysis must be based on some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum state, in order to assure that a nonresident will not be haled into a forum solely as a result of random, fortuitous, or attenuated contacts with the forum or the unilateral acts of a consumer or some other third person." Rosier, 367 Ill. App. 3d at 561-62.

In the case at bar, plaintiff claimed that this court may exercise jurisdiction under subsection 2-209(a) or (c) but not (b). Plaintiff did not claim, as subsection 2-209(b) requires, that defendant was a corporation organized under the laws of or doing business within the State of Illinois. 735 ILCS 5/2-209(b)(3), (b) (4) (West 2004). Plaintiff claimed that the following three grounds of subsection a applied:

> "(1) The transaction of any business within this State;

6

* * *

(7) The making or performance of any contract or promise

substantially connected with this State;

* * *

(10) The acquisition of ownership, possession or control of

any asset or thing of value present within this State when

ownership, possession or control was acquired ***[.]" 735 ILCS

5/2-209(a)(1), (a)(7), (a)(10) (West 2004).

On appeal, plaintiff did not claim that defendant transacted business in Illinois, made or performed a contract in Illinois or acquired control over Illinois property. Instead plaintiff claimed that it was the prior owner who took these actions and that the prior owner's actions subjected the defendant to personal jurisdiction in Illinois. Plaintiff claimed that "the material acts subjecting Loon to the jurisdiction of Illinois are those acts performed by the original lessor, Kuehn," and that defendant subjected itself to jurisdiction as a "successor in interest." Plaintiff claimed jurisdiction solely because "Loon's predecessor in title, Kuhn, did these acts, thereby subjecting Loon as a successor in interest to the Real Property to the same jurisdiction." In short, plaintiff is claiming derivative personal jurisdiction. In essence, plaintiff asks us first to determine whether this court would have had jurisdiction over the prior owner and second to attribute that jurisdiction to the defendant.

Plaintiff claims that this court may attribute the first owner's personal jurisdiction to the second owner because personal jurisdiction "ran with the land." The claim is: the first owner

7

took actions with respect to a lease that allegedly subjected the first owner to personal jurisdiction, the building was then sold while the lease was still in effect, and personal jurisdiction, like the lease itself, "ran with the land" so that this court acquired personal jurisdiction over any subsequent owner.  None of the cases cited by the plaintiff support its theory of derivative personal jurisdiction or "runs with the land" jurisdiction, nor can this court find any.  Rosier, 367 Ill. App. 3d at 568 (this court held that, by failing to offer any supporting legal authority or reasoning, plaintiffs waived consideration of their theory for asserting personal jurisdiction over defendants);  People v. Ward, 215 Ill. 2d 317, 332 (2005) ("A point raised in a brief but not supported by citation to relevant authority *** is therefore forfeited");  Ferguson v. Bill Berger Associates, Inc., 302 Ill. App. 3d 61, 78 (1998) ("it is not necessary to decide this question since the defendant has waived the issue" by failing to offer case citation or other support as Supreme Court Rule 341 requires); 210 Ill. 2d R. 341(h)(7) (argument in appellate brief must be supported by citation).

On this issue of derivative jurisdiction, defendant cited Natural Gas Pipeline Co. of America v. Mobil Rocky Mountain, Inc., 155 Ill. App. 3d 841 (1986).  In a situation similar to the facts at bar, the defendant in Natural Gas acquired an interest in a contract through an assignment from the original signatory.  Natural Gas, 155 Ill. App. 3d at 842. The plaintiff in Natural Gas made a jurisdictional claim similar to the claim of the plaintiff in the case at bar. The Natural Gas  plaintiff claimed that this court had personal jurisdiction over the nonresident defendant since the defendant had "initiated the course of dealings that resulted in a contract between the parties." Natural Gas, 155 Ill. App. 3d at 846.  This court in Natural Gas held: "This

8

argument is specious; [defendant] never dealt with [plainitff]. [Defendant] was merely an assignee of the original contract that was negotiated and signed by [plaintiff]." Natural Gas, 155 Ill. App. 3d at 846. Thus, this court has previously held that merely being a successor in interest to a contract is insufficient, without more, to confer personal jurisdiction.

Plaintiff did not claim that the relationship between the prior owner and the defendant was one of agent and principal (Brandt v. Agrimar Corp., 801 F. Supp. 164, 169 (C.D. Ill. 1992) (agent's "jurisdiction-triggering activities can be imputed to" principal)); parent and subsidiary corporations (Brandt, 801 F. Supp. at 169 ("this Court can assert jurisdiction over an out-of-state parent (or grandparent) corporation through the activities of its subsidiary")); or primary stockholder and corporation (Rosier, 367 Ill. App. 3d at 566 ("The remedy of disregarding or piercing the corporate veil in order to get to assets held by an individual will be employed where there is such unity of interest and ownership that the separate personalties of the corporation and the individual no longer exist ***")). Plaintiff did not claim that this court had personal jurisdiction by means of any of these other relationships, and the record would not support such a claim.

On appeal, plaintiff did not claim any basis for jurisdiction except for its "ran with the land" theory. Thus plaintiff, who bears the burden of establishing a prima facie case for jurisdiction, waived any other possible claims for jurisdiction. Supreme Court Rule 341, which governs the content of appellate briefs, provides that any "[p]oints not argued are waived and shall not be raised *** on petition for rehearing." 210 Ill. 2d R. 341((h)(7).

Since we reject plaintiff's theory of derivative jurisdiction, we examine defendant's own

9

contacts with the state of Illinois to determine if we may exercise personal jurisdiction.  The documentary evidence submitted by the parties established that defendant had the following contacts with our state:

1. Contract with an Illinois tenant;

2. Receipt in Wisconsin of rent mailed from Illinois;

3. Possession and control over Illinois equipment; and

4. Illinois choice-of-law clause.

The above list of contacts is almost identical to the list of contacts which this court rejected as a basis for jurisdiction in Mellon First United Leasing v. Hansen, 301 Ill. App. 3d 1041 (1998).  The plaintiff in Mellon claimed that the following contacts were sufficient for jurisdiction:

1. Contract with an Illinois tenant;

2. Receipt in Illinois of rent mailed from California;

3. Leasing of Illinois equipment; and

4. Illinois forum-selection clause.

Like we did in Mellon, we reject these contacts as a sufficient basis for jurisdiction.  Mellon, 301 Ill. App. 3d at 1050.

We will analyze each of these contacts in turn.  First in the case at bar, defendant's purchase of the property  resulted in its assumption of a contract with an Illinois resident.  However, the mere fact of entering into a contract with an Illinois resident does not subject a nonresident defendant to Illinois jurisdiction.  Hendry v. Ornda Health Corp., 318 Ill. App. 3d

10

851, 854 (2000) ("merely entering into a contract with a resident of Illinois is not sufficient by itself to subject a nonresident to in personam jurisdiction in Illinois"); Mellon, 301 Ill. App. 3d at 1048 ("Where a nonresident merely enters into a contract with a resident of the forum state, this fact is not sufficient by itself to subject the nonresident to the in personam jurisdiction of the forum state").

In Mellon, this court distinguished between a passive and an active contracting party. Mellon, 301 Ill. App. 3d at 1048-49. If the nonresident is a passive party who merely accepts the other party's contract terms, that passive acceptance is not enough to confer jurisdiction. Mellon, 301 Ill. App. 3d at 1048. By contrast, if the nonresident took an active role such as dictating or vigorously negotiating the contract terms or inspecting equipment or facilities in Illinois, then this active role in Illinois will confer jurisdiction. Mellon, 301 Ill. App. 3d at 1048-49. In the case at bar, plaintiff concedes that defendant did not take an active role; that is why plaintiff resorted to its derivative jurisdiction claim. Defendant passively assumed the contract through its acquisition of the building, and this passive act alone is insufficient to confer jurisdiction

Second, the simple mailing of rent payments to or from Illinois is not enough to confer jurisdiction on Illinois. Mellon, 301 Ill. App. 3d at 1047. Third, plaintiff claims that the laundry machines were Illinois machines, that defendant thus acquired possession and control over Illinois machines, and that this control gave Illinois jurisdiction over defendant. This court has previously held that the possession and control by a nonresident of Illinois equipment for use in a foreign jurisdiction does not confer jurisdiction on Illinois. Mellon, 301 Ill. App. 3d at 1047 (nonresident did not transact business or perform a contract in Illinois when it leased a postage

meter machine from an Illinois corporation for use in California); c.f. Jamik, Inc., 74 F. Supp. 2d 818, 821 (N.D. Ill. 1999) (installation in a New Jersey hotel of bathtubs manufactured in Illinois did not give an Illinois court personal jurisdiction over New Jersey hotel owners).

Fourth, the only factor weighing in favor of finding jurisdiction is the Illinois choice-of-law clause. Although a relevant consideration, a choice-of-law clause "by itself" does not confer personal jurisdiction. Bolger v. Nautica International, Inc., 369 Ill. App. 3d 947, 952 (2007), quoting Morecambe Maritime, Inc. v. National Bank of Greece, S.A., 354 Ill. App. 3d 707, 713 (2004). Usually when a choice-of-law clause is noted as part of a jurisdiction finding, the clause is merely "one more arrow in [plaintiff's] quiver." AM International Leasing Corp. v. National Council of Negro Women, Inc., 627 F. Supp. 1302, 1307 (N.D. Ill. 1986).

Although plaintiff was the party that drafted the contract and filled it with boilerplate language conducive to its business, it chose to include only a choice-of-law clause, not a stronger and enforceable forum-selection clause. Aon Corp. v. Utley, 371 Ill. App. 3d 562, 568 (2006) (enforcing a forum-selection clause as a basis for personal jurisdiction in Illinois over California defendant); IFC Credit Corp. v. Aliano Brothers General Contractors, Inc., 437 F.3d 606, 609 (7th Cir. 2006) (enforcing a forum-selection clause as a waiver by defendant to its objections to personal jurisdiction in Illinois). Plaintiff cannot now be heard to complain about the form contract that it crafted. C.f. Mellon, 301 Ill. App. 3d at 1045 (court gave little effect to a "forum selection clause contained in 'boilerplate' language").

Last and least, plaintiff spends a portion of its brief discussing the fact that there are signs in the laundry areas informing consumers to call plaintiff in case of problems with the laundry

machines. The signs establish that plaintiff expected to have an ongoing and on-site relationship with the Wisconsin property. However, plaintiff's maintenance activities in Wisconsin cannot be used to establish personal jurisdiction in Illinois over the defendant. Gordon v. Tow, 148 Ill. App. 3d 275, 280 (1986) ("In assessing a nonresident's contacts with this State, '[o]nly the acts of defendant can be considered in determining whether business was transacted in Illinois.' ").

### CONCLUSION

For the foregoing reasons, we reverse the trial court's decision denying the defendant's motion and dismiss for lack of personal jurisdiction.

Reversed.

McBRIDE, P.J. and GARCIA, J., concur.